UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

Petroforte Brasileiro de Petroleo Ltda.

              Debtor in a Foreign Proceeding
_____/

Chapter 15
Case No. _____

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO §§ 1515 AND 1517**

Dr. Afonso Henrique Alves Braga of São Paulo, Brazil, as Trustee ("Trustee") of Petroforte Brasileiro de Petroleo Ltda. ("Petroforte" or the "Debtor") within the meaning of 11 USC § 1502(6), through his attorneys, Astigarraga Davis Mullins & Grossman, PA, respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code recognizing as a Foreign Main Proceeding a bankruptcy action pending in the 18th Civil District Court of São Paulo, State of São Paulo, Brazil ("Brazilian Court"), and as more fully described herein, granting relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code and any additional relief that may be available under Chapter 15 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1.      The Trustee has commenced this case pursuant to 11 USC § 1504 seeking recognition of a proceeding ("Petroforte Bankruptcy Proceeding") pending in the Brazilian Court as a Foreign Main Proceeding, as defined in 11 USC § 1502(4) and § 101(23), and seeking relief as of right under § 1520 and further relief available under § 1521. The Trustee is contemporaneously filing a declaration (the "Trustee's Declaration").

2.      The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy, is attached hereto as **Composite Exhibit "A."**

3.      As required by § 1515 of the Bankruptcy Code, this Petition is accompanied by a certified and translated copy of orders from the Petroforte Bankruptcy Proceeding showing the existence of an active "foreign proceeding" involving Petroforte,[1] reflecting the appointment of the Trustee as a "foreign representative," and authorizing the Trustee to institute ancillary insolvency proceedings abroad, all of which are attached hereto as **Composite Exhibit "B."**

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334, and 11 USC §§ 109 and 1501.  Venue of this proceeding is proper in this judicial district pursuant to 28 USC § 1410 because Petroforte has assets in the United States in this District and venue in this District is consistent with the interests of justice.  This is a core proceeding under 28 USC § 157(b)(2)(p).

## FACTUAL BACKGROUND

**Petroforte**

5.      Petroforte is the principal company within an expansive and sprawling commercial empire previously owned by the late Ari Natalino da Silva ("Mr. Natalino"), a Brazilian national.  Prior to its collapse, Petroforte was the third largest gasoline and ethanol distributor in Brazil.  Mr. Natalino was the beneficial owner of approximately 300 petrol stations

---

[1] As explained infra, "Petroforte" as used herein also refers, where appropriate, to the entities to which the Brazilian Court handling the bankruptcy extended the effects of the bankruptcy, which will be referred to as the "Related Entities."

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

located throughout Brazil, together with approximately 300 petroleum and propane delivery trucks, a small construction company and a substantial ethanol plant, among other things.

6.    The Petroforte enterprise was constructed in such a way that the approximate 300 gas stations involved in the business were held by separate corporations – each owned by separate straw-men.  Mr. Natalino held almost no assets in his own name.

**Petroforte's Bankruptcy**

7.    On October 20, 2003, the Brazilian Bankruptcy Court issued an Order placing Petroforte into a court-supervised bankruptcy, and also appointed the Trustee, Dr. Braga, as Judicial Administrator of Petroforte (the "Bankruptcy Order").[2]  The present existence of Petroforte's bankruptcy, as well as the Trustee's continued appointment, is reflected in the recent motion for an Order relating to the filing of these Chapter 15 Proceedings and a recent Order from the Brazilian Court, dated January 7, 2014, authorizing the Trustee to initiate ancillary insolvency proceedings in the US.  See Composite Exhibit B**; Exhibit "C**."

8.    During the course of the Petroforte Bankruptcy proceedings, the Brazilian Bankruptcy Court extended the Petroforte Bankruptcy to cover approximately 278 companies and 71 individuals found to be related or associated with Petroforte or the underlying wrongful acts related thereto ("Related Entities"), one of the largest bankruptcies in the history of Brazilian law, including, without limitation,[3] Securinvest Holdings S.A., Agrícola Rio do Turvo

---

[2] A Judicial Administrator of a bankrupt estate in Brazil is equivalent to a Trustee-in-Bankruptcy in the United States, inasmuch as they perform similar functions.  For instance, both act as an officer of the court to marshal assets into an insolvent estate for the benefit of creditors; both adjudicate proofs of debt filed by putative creditors; and both ensure that proven creditors' claims are satisfied to the extent possible from the assets of the estate.

[3] Under Brazilian bankruptcy law, where there has been "patrimonial confusion" of assets of a company with those of another person; or if assets have been misappropriated from a company by a director or shareholder; or if there has been an abuse of the corporate form or bad faith by means of the diversion of assets; the Brazilian Court of first instance can extend the jurisdiction of the bankruptcy estate by ordering the bankruptcy of any person who has been unjustly enriched by, or involved in, such wrongful activity.  This can result in the bankruptcy of persons,

3

Ltda., Katia Rabello, Kiaparack Participações e Serviços Ltda., Turvo Participações S.A., River

South S.A., Real Sugar Corp., All Sugar International Inc., Copaster Indústria e Comércio Ltda.,

Blue Snow Holdings Inc., and Red Cloud Ltd.

**The 28 U.S.C. 1782 Proceedings**

9.      On November 3, 2010, the Trustee filed an Application for Expedited Judicial

Assistance for Use in Foreign Proceedings Pursuant to 28 U.S.C. §1782 (the

"Application"), seeking, *inter alia*, leave to issue subpoenas to six persons or entities in the

southern District, including Carlton Fields, P.A. and Robert B. Macaulay.  In re Petroforte, Case

No. 10-MC-23973-JLK, DE1.  On November 5, 2010, the Application was granted.  Id. at DE3.

10.      Extensive litigation between the Trustee and the discovery respondents relating to

the Application and the discovery sought in those proceedings thereafter ensued.  See id., docket.

11.      The Court in those proceedings entered orders Granting in Part and Denying in

Part Applicant's Motions to Compel, id. at DE111, and an Amended (Clarified) Order Granting

in Part Intervenors' Motion to Stay Discovery Pending Resolution of Foreign Proceedings.  Id. at

DE131.  The court in that case made a number of findings that since have been superseded by

orders or otherwise in the Petroforte Bankruptcy in Brazil, including, without limitation, the

following:

(a)      *Extension of Bankruptcy to Securinvest*.  One of the bases for the court's order

granting, in part, the motion to stay was that, at that time, proceedings were

pending in Brazil appealing orders extending the bankruptcy as to Securinvest and

there was some controversy between the parties in Florida as to whether a stay of

the extension of the bankruptcy was effective in Brazil.  Since that time, the stay

---

including shareholders or directors, who form a part of a common economic group that has been involved with, or
participated in, such activity.

has been lifted and the appeal then pending rejected. Among other things, the Brazilian appellate court held that a sufficient showing as to control and influence as between Petroforte and Securinvest had been made for purposes of showing a common economic group for purposes of Bankruptcy law, <u>such that the extension of the bankruptcy as to those entities was maintained</u>. See **Composite Exhibit "D"**. As of the date of this filing, no stay exists and the Bankruptcy is considered extended as to Securinvest (as well as others), the totality of the extensions as listed in the certification attached hereto as Composite Exhibit D. The court has only rejected the extension of bankruptcy to two Brazilian nationals, Mrs. Myriam Nivea de Andrade Ortolan and Mrs. Maria Isabel Quintino Nicotero Pestana, which have no relationship to assets in the United States.

(b)     *Katia Rabello Bankruptcy Extension*. No suspension order exists as to the extension of the bankruptcy to include Katia Rabello, such that the order of extension as against her personally is fully enforceable. <u>Id.</u>

(c)     *Extent of Petroforte Bankruptcy*. At the time of the stay, a dispute existed between the parties in the Miami proceeding as to the scope of the extension order entered in Brazil, with the discovery respondents arguing that it was limited to an ethanol plant and the ultimate owner thereof, Securinvest, and the Trustee arguing it went far beyond that to encompass many other members of what then was being called internally as the "Rural Group." Subsequent thereto, it has been made clear in the Petroforte Bankruptcy proceedings that the extension is effective as to Ms. Rabello, Securinvest, and various other members of the Rural Group. <u>Id.</u>

5

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

(d)  *Cayman Discovery Relied Upon in Miami 1782 Proceedings*.  In support of his

1782 Application in Florida, the Trustee relied on certain documents previously

obtained in a proceeding in the Cayman Islands.  Much litigation between the

parties ensued as to the propriety of the use of such information.  The stay was

granted, in part, because a motion as to this issue was pending before the court in

the Cayman Islands.  The Cayman Island's court ultimately held that the

disclosure obtained in that jurisdiction had been obtained for a legitimate purpose

and that the Trustee had not misled the court, though it also held that the

disclosure made had been too broad and that certain documents had to be returned

(which were).

(e)  *Purported Settlement*.  The discovery respondents also argued that a settlement

had been approved by the bankruptcy court and that further discovery thus was

not appropriate.  That settlement has since been set aside in Brazil and currently is

the subject of appeals in Brazil, though there is no suspension of the order setting

aside the settlement and there thus is no impediment to proceeding in this regard.

12.  Significant discovery was obtained by the Trustee in those proceedings for use in

the Petroforte Bankruptcy.

13.  On April 13, 2012, upon the Trustee's representation that all discovery sought in

the Application had been concluded as of that time, the case was closed.  Id. at DE148.

**The Chapter 15 Petition**

14.  The Petroforte Proceeding remains pending and the Trustee is overseeing efforts

to identify, locate, and capture assets belonging to the estate and the Related Entities.  Today, the

Estate of Petroforte has thousands of creditors and debts of about R$1.2 billion owed to proven

and potential creditors.  The total of Petroforte's proven assets recovered by the Trustee to date, however, is approximately R$358 million.[4]

15.    Based on the Trustee's investigation, information from the Brazilian investigators, and other sources, the Trustee believes that a significant amount of assets were diverted by Petroforte and the Related Entities, among others, prior to Petroforte's collapse.

16.    The Trustee desires to proceed with an investigation into the assets of Petroforte and of the Related Entities, including, for example as to assets that are in the U.S. or that were transferred through the U.S., as well as transactions involving Petroforte and the Related Entities with persons or entities located in the U.S.

17.    Through investigative efforts, the Trustee has learned of substantial connections between this District and suspected misappropriated assets of Petroforte and the Related Entities, including wire transfers through Espirito Santo Bank (USA) and Safra National Bank of New York, both having Miami connections; a US$78 Million mutual fund held in the name of a BVI company and managed in Miami, Florida, which also acted as the main financial advisor to a US$100 Million medium-term note program issued by Invstores Companhia Secuirizadora De Creditos Financieros, currently Securinvest Holdings, S.A.; and abandoned funds of Related Entities with American Stock Exchange LLC, LiveNote Inc and Subsidiaries and State Farm Mutual. In addition, several of the Related Entities, both individual and corporate, as well as their principals own property in Florida and/or conducted business in Miami with, inter alia, Miami-based law firms.

---

[4] The amount of the debt owed by the estate is still subject to change as claims submitted are still being reviewed by the Trustee.  Similarly, the valuation of the assets of the estate also is subject to change as they are in a continuing process of appraisal.

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

## RECOGNITION IS APPROPRIATE

18.     The Trustee has satisfied each of the requirements for recognition of the Petroforte Proceeding under Chapter 15 of the Bankruptcy Code.  As set forth in the Trustee's Declaration:

(a)     The Trustee qualifies as a "foreign representative" as defined in 11 USC § 101(24) because he is a person authorized under applicable Brazilian law, who has been designated by the Brazilian Court to act in that capacity.

(b)     The Petroforte Proceeding is a "foreign main proceeding" as defined in 11 USC § 101(23) and 1502(4), because it is (i) pending in Brazil, which is Petroforte's "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Petroforte's assets and affairs are subject to the supervision of the Brazilian Court for the purpose of the bankruptcy.

## RELIEF REQUESTED

19.     In furtherance of his duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code and, if necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, granting the following relief:

(a)     Recognizing the Petroforte Proceeding as a Foreign Main Proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative;

(b)     Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

(c)    Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

    (i)    staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning the assets, rights, obligations or liabilities of Petroforte and of the Related Entities to the extent not stayed under § 1520(a) of the Bankruptcy Code;

    (ii)    staying execution against the assets of Petroforte and of the Related Entities to the extent not stayed under § 1520(a);

    (iii)    suspending the right to transfer or otherwise dispose of any assets of Petroforte and of the Related Entities to the extent this right has not been suspended under § 1520(a);

    (iv)    providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Petroforte and of the Related Entities, and finding that such information is required in the foreign proceeding under the law of the United States;

    (v)    entrusting the administration or realization of all or part of the assets of Petroforte within the territorial jurisdiction of the United States to the Trustee;

    (vi)    entrusting the distribution of all or part of assets of Petroforte and of the Related Entities located within the United States to the Trustee and finding that the assets of the creditors of Petroforte and of the Related Entities are sufficiently protected thereby;

9

(vii)      otherwise granting comity to and giving full force and effect to the

Bankruptcy Order and any other order issued and to be issued in the

Petroforte Proceeding; and

(viii)     awarding the Trustee such other and further relief as this Court may deem

just and proper.

## HEARING AND NOTICE

20.    The Trustee requests that the Court set the date for a hearing, pursuant to §

1517(c) of the Bankruptcy Code "at the earliest possible time."

## CONCLUSION

21.    The Trustee respectfully requests that this Court enter an order substantially in the

form of the proposed order attached hereto as **Exhibit "E"**, and grant it such other and further

relief as may be just and proper.

Dated: March 7, 2014

Respectfully Submitted,

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN P.A.
*Attorneys for Trustee/Petitioner*
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
         edavis@astidavis.com

By:    */s/ Gregory S. Grossman*
        Gregory S. Grossman
        Florida Bar No. 896667
        Edward H. Davis
        Florida Bar No. 704539

10

**VERIFICATION**

I, Afonso Henrique Alves Braga, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I am the court-appointed Judicial Administrator/Trustee for Petroforte Brasileiro de Petroleo Ltda. ("Petroforte"), and that, in such capacity, I have the authority to make this verification; that I have read the foregoing Verified Petition For Recognition; and that the facts and matters alleged and contained therein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the books and records customarily kept and maintained by Petroforte.

Dated this 26th  day of February, 2014

_____

AFONSO HENRIQUE ALVES BRAGA