**COMPOSITE EXHIBIT "D"**

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

**188269**

ARLINDO COSMO FILHO, DIRECTOR CLERK OF THE EIGTHEENTH CIVIL REGISTRY OFFICE OF THIS DISTRICT OF THE CAPITAL OF THE STATE OF SÃO PAULO, ACCORDING TO THE LAW, ETC.

CERTIFIES, by request of the interested party, that upon reviewing at the Civil Registry Office the court records of the Bankruptcy Proceedings of PETROFORTE BRASILEIRO PETRÓLEO LTDA, TIN No. 96.288.881/0001-67, proceeding No. 01.074.201-2, filed on July 02 of 2001, he has verified that the bankruptcy was decreed by judgment on October 20,2003, **and Mr. Afonso Henrique Alves Braga**, OAB/SP 122093, with offices at Av. Nove de Julho, 3229, Cj. 1001, São Paulo, SP, telephone (11) 3151-2236 and (11) 3151-2237 was appointed for the position of **trustee**. **ALSO CERTIFIES** that that the petitioner filed an Interlocutory Appeal for which a stay of proceedings was granted by ruling, dated February 22,2002. **ALSO CERTIFIES** that on August 16, 2005, the Court ruled by unanimous vote to deny the appeal, revoking the stay of proceedings; the records are currently subject to enforcement of the bankruptcy ruling. **ALSO CERTIFIES** that, by order issued on 04.26.2006, the bankruptcy was extended to the companies Apari Empreendimentos e Participacoes Ltda. TIN No. 02.361. 391/0001-03; Dena Empreendimentos e Participações Ltda, TIN No. 02.357.396/0001-54; Sh Administração e Representação Comercial Ltda, TIN No. 96.552.567/0001-17; Visão Empreendimentos e Administração e Participações Ltda, TIN No. 04.314.353/0001-17; Gulf-Bras Empreendimentos, Administracao e Participacoes Ltda., TIN No. 04.879.900/0001-01; Maxi-Chama Azul-Gas distribuidora de Gas Ltda., TIN No. 01.156.290/0001-20; Wines Comercial Ltda., TIN No. 03.273.036/0001-37; Sobar S/a Alcool e Derivados, TIN No. 49.630.262/0001-29; Sobar S/A Agropecuaria, TIN No. 49.136.575/0001-25; Agrobau Prestacao de Servicos S/C Ltda, TIN No. 03.161.976/0001-34; Resipetros Derivados de Petroleo Ltda, TIN No. 01.529.210/0001-34; Prince Partners Empreendimentos e Participacoes, TIN No. 68.277.946/0001-33; **ALSO CERTIFIES** that an order issued on 04.26.2006, disregarded the corporate entity and determined that the **partners** of the debtor are accountable for all duties and obligations of the company: Mr. Ari Natalino da Silva SSN 774.851.068-72; Aparecida Maria Pessuto da Silva, SSN 200.517.908-66; Levi Luiz Sílva Figueiredo, SSN 288.222.507-53; Sandra Regina Davanco, SSN 944.950.178-53; Débora Aparecida Gonçalves da Silva, SSN  104.070.918-40; Herick da Silva, SSN  273.403.438-73; Airton de Freitas, SSN 715.839.128-00; Humberto Duarte Lopes, SSN 215.303.498-18; Heleno Duarte Lopes, SSN  411.341.928-00 and Adriana da Silva Cristo; SSN 949.431.252-04. **ALSO CERTIFIES** that, by order issued on **07.07.2006,** the **effects of the appealed Bankruptcy ruling were extended to the companies**: Auto Posto Cascata Ltda, TIN No. 03.200.015/0001-91; Auto Posto Perfect Service Ltda, TIN No. 01.042.275/0001-50; Pontal da Lagoinha Auto Posto Ltda, TIN No. 53.256.111/0001-20; Samavel Locadora de Veículos Ltda, TIN No. 56.850.738/0001-00; Auto Posto Cunhas do Guarujá Ltda, TIN No. 00.238.039/0001-41; Posto de Serviço Caxópa Ltda, TIN No. 74.543.513/0001-85; Auto Posto Tetra Ltda., TIN No. 00.218.986/0001-70; Auto Posto Cinco Estrelas de Santos Ltda, TIN No. 01.066.112/0001-08; Posto de Serviços Adriático Ltda, TIN No. 49.094.451/0001-24; Itapoan Auto Posto Ltda, TIN No. 50.593.763/0001-61; Open Posto de Serviços Ltda, TIN No. 00.912.029/0001-40; Pilatos Posto de Serviços Ltda, TIN No. 01.436.774/0001-22; Alvorada Produtos de Petróleo Ltda, TIN No. 55.278.642/0001-499; Ultra Petro Posto de Serviços Ltda. TIN No. 00.929.957/0001-17; Petroforte Química Ltda, TIN No. 96.353.230/0001-03; Auto Posto 3R II do Vale Ltda, TIN No. 01.319.562/0001-65; H.P. Brasileira de Gás Ltda,TIN No.66.677.246/0001-00; Auto Posto Cinco Estrelas de São Jose dos Campos Ltda, TIN No. 59.248.039/0001-75; Depari Auto Posto Ltda, TIN No. 03.918.660/0001-44; Samavel São Mateus Veículos Ltda., TIN No. 56.850.738/0001-00; Posto De Serviços Alro Gil Ltda, TIN No.  02.851.138/0001-20; Auto Posto Fiorelli Ltda, TIN No. 02.932.254/0001-73; Auto Posto America Ltda, TIN No. 58.212.804/0001-34; Auto Posto Jauense Ltda, TIN No. 56.761.695/0001-89; Big Petro Posto de Serviços Ltda,TIN No. 01.032.520/0001-49;

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

[Handwritten]

### 188270

Auto Posto Pitchulinha Ltda, TIN No. 01.171.897/0001-89; Auto Posto Vereda Dois Ltda., TIN No. 58.188.848/0001-76; Nova Piramide Materiais para Construção Ltda, TIN No. 01.164.502/0001-10; Tenorio Auto Posto Ltda, TIN No. 64.518.671/0001-56 or 50.453.091/0001-99; Power Posto de Serviços Ltda, TIN No. 00.953.338/0001-68; G.A. Formici e Cia Ltda, TIN No. 52.529.062/0001-99 (also doing business as Auto Posto Fenix de São Carlos Ltda); Home Auto Posto Ltda, TIN No.01.164.197/0001-67; Realidade Posto de Serviço Ltda, TIN No. 00.788.739/0001-00; Auto Posto Lírios do Campo Ltda, TIN No. 00.896.976/0001-94; Petrojoia Posto de Serviços Ltda, TIN No. 00.908.427/0001--92; Panorama Posto e Churrascaria Ltda, TIN No. 46.957.296/0001-34; Verde Petro Posto de Serviço Ltda. TIN No. 01.433.411/0001-33; Auto Posto Gurupi Ltda, TIN No. 43.295.203/0001-65; Lavapetro Posto De Serviços Ltda, TIN No. 00.868.063/0001-64; Trianon Posto De Serviços Ltda, TIN No. 00.953.328/0001-22; Real Dois Postos de Serviços Ltda, TIN No. 00.506.926/0001-53; Auto Posto Charlotte, TIN No. 00.959.856/0001-99; Auto Posto Tala Ltda, TIN No. 00.526.480/0001-29; Posto Perola de Caragua Ltda, TIN No. 00.614.193/0001-70; Petro Shopping Conveniência Ltda, TIN No. 00.029.145/0001-15; Mamonas Auto Posto Ltda, TIN No. 01.164.196/0001-12; Auto Posto Santa Paula de São Carlos Ltda, TIN No. 45.361.508/0001-53; Posto Itália Araraquara Ltda, TIN No. 67.094.300/0001-58; Fast Petro Posto de Serviços Ltda, TIN No. 00.927.200/0001-94; Zenith Auto Posto Ltda, TIN No. 52.075.298/0001-00; Petrocon Posto de Serviços Ltda, TIN No. 00.501.495/001-32; Auto Posto Patrimonial Ltda, TIN No. 01.291.505/0001-15; Auto Posto Cidade Araci, TIN No. 00.175.079/0001-91; Posto de Serviços Pelican de ltu Ltda, TIN No. 00.833.397/0001-00; Auto Posto New Face Ltda, TIN No. 00.788.738/0001-65; Petroserver Conveniência Ltda, TIN No. 01.458.174/0001-65; Comercio de Petróleo e Derivados J.J.N. Ltda, CNPJ 00.995.404/0001-62; Drogaria Cidade Aracy Ltda, CNPJ 00.545.596/0001-05; Fort Serv Conveniência Ltda, TIN No. 01.538.358/0001-35; Fort Petro Posto de Serviços Ltda, TIN No. 00.788.740/0001-34; Auto Posto Santo Antonio de Araquara Ltda, TIN No. 43.958.636/0001-53; Comercial Sancarlense de Derivados de Petróleo Ltda. a, TIN No. 62.601.703/0001-22; Recicla-Coleta e Reciclagem de Lixo Ltda, TIN No. 72.924.095/0001-40; Auto Posto Ursa Maior Ltda, TIN No. 01.291.504/0001-70; Auto Posto Petrocap Ltda, TIN No.00.218.992/0001-28; Auto Posto Safira Ltda, TIN No. 45.169.174/0001-10; Auto Posto Cambuc Ltda, TIN No. 00.843.868/0001-53; Posto Petroauto Ltda, TIN No. 00.268.478/0001-05; Hermelino Posto de Serviços Ltda, TIN No. 00.788.741/0001-89; Poliana Transportes Ltda, TIN No. 96.297.593/0001-79; Auto Posto Dimensão, CNPJ 01.302.774/0001-30; Savana Posto de Serviços Ltda, TIN No. 00.925.501/0001-89; Auto Posto Bakana Ltda, TIN No. 00.976.517/0001-10; Hena Posto De Serviços Ltda; TIN No. 01.436.771/0001-99; Centro Automotivo Paraibuna Ltda,TIN No. 02.665.988/0001-33; Horse Representação de Óleos e Graxas Ltda (previously Sil Pin e Pin; H orse Posto De Serviços Ltda), TIN No. 56.285.794/0001-31; Auto Posto Zero Sete Ltda, TIN No. 49.958.036/0001-71; Fon Fon Serviços Automotivos Ltda, TIN No. 44.097.798/0001-07; Auto Posto Praia Azul Ltda, TIN No. 48.178.982/0001-32; Ederson Luis de Moraes & Cia Ltda, TIN No. 01.385.877/0001-00; Exclusivo Auto Posto Ltda, TIN No. 02.265.588/0001-30; Silmapetro Serviço Automotives Ltda, TIN No. 03.308.532/0001-89; Restaurante Severinia Ltda, TIN No. 00.640.050/0001-33; Auto Posto de Servicos Severinia Ltda., TIN No. 00.638.355/0001-00; Centro Automotivo Anhanguera Ltda, TIN No. 00.892.447/0001-12; Thunder Factoring-Fomento Comercial Ltda, TIN No. 96.297.668/0001-11. Auto Posto Officer Ltda, TIN No. 01.164.199/0001-56; Auto Posto Lux Ltda, TIN No. 01.511.507/0001-72; Star Center Automotivo Ltda; Auto Posto Petrovale de Jacarei Ltda, (current denomination Auto Posto Anhanguera Ltda), TIN No. 00.550.377/0001-14; Posto de Serviços de Araras Ltda, TIN No. 02.084.391/0001-03; Auto Posto Binão de Franca Ltda, TIN No. 01.476.585/0001-83; Petromar de Santos Posto de Serviços Ltda, TIN No. 01.582.181/0001-74;

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

Polar Petro Posto de Serviços Ltda, TIN No. 01.582.183/0001-63; Unipetro Posto de Serviços Ltda, TIN No. 02.084.400/0001-58; Auto Posto Petro Era Ltda, TIN No. 01.705.764/0001-45; Auto Posto Bruxellas Ltda, TIN No. 1.788.001/0001-05; Petropeças Comercial Ltda, TIN No. 02.286.606/0001-60; Petropanther Posto de Serviços Ltda, TIN No. 02.352.189/0001-07; Restaurante e Lanchonete Cravinhos Ltda.

[Handwritten]
**188271**

TIN No. 02.413.705/0001-66; Mack-Ultra Lanche Ltda, TIN No. 02.576.107/0001-08; Free Way Centro Automotivo Ltda, TIN No. 02.576.104/0001-74; Posto de Serviços Way Back Ltda., TIN No. 02.576.105/0001-1 19; K. S. D. 61-Rudge-Auto Posto Ltda, TIN No. 02.526.997/0001-43; K. S. D. 51-Rudge-Auto Posto Ltda, TIN No. 02.407.841/0001-43; Cruz de Malta Taxi Aéreo Ltda, TIN No. 02.947.425/0001-38; Centro Automotivo Duck Ltda, TIN No. 02.542.429/0001-36; Centro Automotivo Paulinia Ltda, TIN No. 01.483.339/0001-59; Mack-Duck Conveniência Ltda, TIN No. 02.665.987/0001- 99; Rick-Tur Transportes Coletivos e Turismo Ltda, TIN No. 05.905.404/0001-48; Auto Posto Papa Léguas Ltda-Me, TIN No. 01.667.085/0001-29; Roltran Comercio de Equipamentos Eletrônicos Ltda, TIN No. 03.706.276/0001-88; Auto Posto 3R do Vale Ltda, TIN No. 01.319.562/0001- 65; Ederson Luis de Moraes & Cia Ltda, TIN No. 01.385.877/0001-00; Serpetro Posto de Serviços Ltda, TIN No. 02.186.408/0001-25; Auto Posto Itália de Jundiaí Ltda, TIN No. 02.542.171/0001-78; Centro Automotivo Rolex Ltda, TIN No. 02.959.512/0001-05; Pereto & Rodrigues Ltda, TIN No. 00.850.557/0001-11; CIVIC AUTO POSTO LTDA, TIN No. 03.480.005/0001-57; AUTO POSTO Gaviões de São Roque Ltda, TIN No. 03.909.782/0001-74; Auto Posto Silva Teles Campinas Ltda, TIN No. 46.974.093/0001-56 and Santa Úrsula Empreendimentos e Participações S/A, TIN No. 03.042.877/0001-33. **ALSO CERTIFIES** that, by order issued on 08.11.2006, the bankruptcy was extended to the companies Mac Fênix Lanches Ltda, TIN No. 00.029.144/0001-70 and **HSD Transportes Ltda**, **TIN No. 03.150.761/0002-07**, **as well as** to Nathan Vinicius Gonçalves da Silva, SSN  335.079.428-95. **ALSO CERTIFIES** that, by order issued on 09.07.2006, the bankruptcy was extended to the companies K.S.D. 41- Auto Posto Ltda, TIN No. 02.399.930/0001-95 and Auto Posto Tortuga Ltda, TIN No. 51.656.270/0001-96. **ALSO CERTIFIES** that, by order issued on 10.07.2006, [the bankruptcy] was extended to the companies Polosul Química Ltda, TIN No. 96.353.230/0001-03; Arfi Produtos Químicos Ltda, TIN No.02.412.956/0001-26; Costelão, Churrascaria Pamonha e Lanchonete Ltda, TIN No. 96.404.488/0001-91; Haulover Enterprises Limited; Florence Ventures Inc; Security Investments L.L.C.; Vision Point Holdings Inc, TIN No. 06.671.981/0001-85; Shelter Internacional Investimentos Corp; Glowing Star Holdings Inc, TIN No. 06.671.985/0001-63; Construtora Babel Ltda, TIN No. 03.017.231/0001-04; Truck Serralheria Ltda, TIN No. 03.082.470/0001-30; Taxi Petro Ltda, TIN No. 03.170.993/0001-38; Auto Posto Aguia de Lorena Ltda, TIN No. 03.181.067/0001-68; Centro Automotivo Gavioes Ltda, TIN No. 03.193.735/0001-77; Auto Posto Sobar Ltda, TIN No. 03.193.801/0001-09; Auto Posto Omega Ltda, TIN No. 03.189.667/0001-72; Restaurante E Churrascaria Lorena Ltda, TIN No. 03.231.324/0001-29; Nick's Conveniencia Ltda, TIN No. 02.959.509/0001-91; Fast Conveniencia Ltda, TIN No. 03.297.719/0001-24; Restaurante E Churrascaria Amigão Do Uchoa Ltda, TIN No. 03.409.234/0001-85; Auto Posto Amigão Do Uchoa Ltda, TIN No. 00.850.557/0001-11; Conveniencia Masson Ltda, TIN No. 03.480.788/0001-79; Cascata Conveniencia Ltda, TIN No. 03.579.807/0001-19; Lanchonete e Restaurante Cascata Ltda, TIN No. 03.579.758/0001-14; Good Conveniencia Ltda, TIN No. 03.318.988/0001-20; Rocha Comunicação Ltda, TIN No. 03.345.167/0001/82 *;* Sensat Serviço Especial Nacional de Segurança Armada e Transporte de Valores Ltd. TIN No. 03.651.026/0001-98; Auto Posto Melillo Ltda, TIN No. 03.782.451/0001-16; Auto Posto Menezes de Rio Preto Ltda, TIN No. 03.776.917/0001-70; Auto Posto Sepetiba Ltda, TIN No. 50.481.423-0001-49; Auto Posto Big Fox Ltda, TIN No. 03.885.851/0001-57; Road Restaurante e Lanchonete Ltda, TIN No. 03.885.850/0001-02; Restaurante e Lanchonete Km 48 Ltda, TIN No. 03.921.479/0001-97; Art

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

Petro Artesanato Ltda, TIN No. 03.933.418/0001-40; Plus Auto Posto Ltda, TIN No. 04.084.516/0001-12 formerly named Petro Plus Auto Posto Ltda; Auto Posto Beatriz Ltda, TIN No. 52.920.402/0001-08; Auto Posto Sete Estradas Ltda, TIN No. 02.821.899/0001-39; Interworld Agencia de Viagens e Turismo Ltda, TIN No. 57.816.613/0001-19; Portupetro Posto Servicos Ltda, TIN No. 04.233.028/0001-20; Lufh Comercio de Oleos e Graxas Ltda, TIN No. 01.366.834/0001-88, formerly Luth Service Comercial Ltda. and  Auto Posto Lufh Service Ltda; Caminhoneiro

[Handwritten]

**188272**

Veículos Ltda, TIN No. 47.950.217/0001-26 formerly Fittipaldi Veiculos Ltda; Centermax Posto de Serviços Ltda, TIN No. 04.348.535/0001-09; Conveniencia Itapoan Ltda, TIN No. 04.743.820/0001-24; Santi Confeccoes Ltda, TIN No. 04.486.482/0001-56; Editora e Grafica Rm-São Carlos Ltda, TIN No. 03.281.419/0001-57; Editora e Grafica Sãocarlense Ltda., TIN No. 01.059.489/0001-30; Praia Azul Representação de Oleos e Graxas Ltda, TIN No. 48.178.982/0001- 32· Auto Posto America Ltda, TIN No. 58.212.804/0001-34; A Tribuna - SP Classificados Ltda, TIN No. 48.525.976/0001-04; No Stop Racing Promoção de Eventos Esportivos Ltda, TIN No. 07.219.874/0001-83; DHD Posto e Gás Ltda, TIN No.  03.746.544/0001-95; K.S.D. 21-Auto Posto Ltda; Auto Posto Lavuru de Descalvado Ltda, TIN No 00.540.353/0001-04, **and** disregarded the corporate entity in relation to to Antonio Pedro Rodrigues de Souza Rocha, SSN 013.758.878-07; Rafael Fiestas Garcia, SSN 649.122.648-49; Leontina Aparecida Bastelli, SSN 849.428.788-53; Wedelson Teixeira Gonçalves, SSN 596.588.866-04; Marisa da Silva Conde, SSN 271.598.308-57; Thais Ruggiero Massucio, SSN  277.743.088-81; Jose Roberto Barbosa, SSN  381.661.278-49; Rubens Massucio Rubinho, SSN  34.486.738-20; Darcy De Assis Gonçalves Filho, SSN 109.074.008-50; Dulcelene Aparecida Ezequiel Gonçalves, SSN 71.903.628-35; Ana Carolina Luciani, SSN  14.408.038-97; Joaquim Gomes De Figueiredo Neto, SSN  61.614.568-34. **ALSO CERTIFIES** that by order issued on 10.22.2006, the bankruptcy was extended to the company Auto Posto Triângulo de S. Jose, TIN No. 67.880.799/0001-29, **and** disregarded the corporate entity in relation to Yoshika Komoda, SSN 431.656.138-34; Moacir Pedro Pinto Alves, SSN  592.399.218-34; and Aline Lemos Correa De Oliveira Andrade, SSN 866.598.044-04. **ALSO CERTIFIES** that, by order issued on 11.07.2006, the bankruptcy was extended to the company Fastshop Pitchulinha Ltda, TIN No. 05.005.450/0001-90 **and** disregarded the corporate entity in relation to Carmem Luiza Maceiras Condi, SSN 146.323.278-08; Alexandro Antonio Blini Maceiras, SSN 156.968.738-20; Luiza Amelia Meroni Baptista, SSN 220.966.028-90; Silvio Aparecido Sobrinho, SSN 606.258.300-59; Valeria Ribeiro Nelson, SSN 287.952.778-38; Leonardo Meirelles, SSN 265.415.238-99. **ALSO CERTIFIES** that, by order issued on 01.15.2007, the bankruptcy was extended to the companies Sociedade Civil Jornal a Tribuna de São Carlos Ltda, TIN No. 48.525.976/0001-04; Las Assessoria Empresarial e Participação Ltda, TIN No. 01.929.281/0001-24; Santafe - Empreendimentos e Participações Ltda, TIN No. 01.490.373/0001-50 (current name R.J. Pilbeam Comercio Importação e Exportação Ltda); Costic Intern. International Inc, address at East 53 Srd Street, Marbella, Swis Bank Building, Panama, Rep. of Panama; Intermarino International Inc; Luxpetro Distribuidora de Petroleo Ltda, TIN No. 02.029.594/0001-99; Serra Petro Comercio de Combustiveis Ltda (trade name Posto Flor da Serra), TIN No. 04.349.918/0001-00; Cuiaba Forte Comercio de Combustíveis Ltda, TIN No. 03.109.059/0001-00, Company Register ID No. 5120070349-0; Manga Grande Comercio de Combustiveis Ltda, Company Register ID No. 5120072308-3; Rodoviaria Petro Comercio de Combustíveis Ltda, TIN No. 03.307.076/0001-52; Auto Posto Santa Esmeralda Ltda, TIN No. 03.929.812/0001-04 Company Register ID No. 5120074775-6; Auto Posto Garças Petro Ltda, TIN No.  03.917.798/0001-29; Petro Asa Centro Automotivo Ltda, TIN No. 03.917.792/0001-51, Company Register ID No. 5120074771-3; Petro Gol Centro Automotivo Ltda, TIN No.

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

03.476.896/0001-78 or 03. 917.794/0001-40, Company Register ID No. 5120074772-1; Matadeira Comercio de Combustivel Ltda, TIN No. 04.349.919/0001-46; Coxim Petro Comercio Combustível Ltda; Centro Automotivo Diama ntino Ltda, TIN No. 03.917.782/0001-16, Company Register ID No. 5120074770-5; Auto Posto Buzios Ltda, TIN No. 03.190.411/0001-85; Modipel Modelo Distribuidora de Petroleo Ltda, TIN No. 01.311.157/0003-62, or

[Handwritten]

**188273**

01.311.157/0001-09; H.P. Brasileira Distribuidora E Representações Comerciais Ltda. (formerly H.P. Brasileira Distribuidora de Derivados de Petroleo Ltda, H.P. Brasileira Distribuidora e Representações Comerciais Ltda; H.P. Brasileira Distribuidora Representaçoes Comerciais Ltda), TIN No. 64.798.515/0001-61; Tigre Distribuidora de Petroleo Ltda, 01.573.487/0001-64; Hena-Car Comercio de Veículos Usados Ltda, TIN No. 05.043.697/0001-00, Company Register ID No. 35217478327; Decker Comercio e Distribuição Ltda, TIN No. 04.236.304/0001-03; Transin Transportes Ltda, TIN No. 03.356.646/0001-02; PHD Photolito Designs Grafico Ltda (PHD D Propaganda Ltda.), TIN No. 02.730.189/0001-01; Posto e Churrascaria Sacramento Ltda., TIN No. 02.703.770/0001 26, Company Register ID No. 3120550095-7; **and** disregarded the corporate entity in relation to Janair Tomaz Da Silva, SSN 787.399.429-53, Gilmario Clemente Lima Brito SSN  442.196.877-34; Paulo Eduardo Costa Junqueira, SSN  792.050.037-00 Remy Nadir Roy, SSN  5.648.509-34; Aristides Abla, SSN  43.202.988-53; Silvia Maria Ruggiero Massucio, SSN 979.891.938-68; Adevenil Ezequiel Gonçalves, SSN 092.033.678-70; Demirval Lemos, SSN 51.659.818-00; Peter Pessuto, SSN 253.713.258-08; Adjamir Simões Ferreira, SSN 63.222.638-20; Vilma Maria Da Si lva, SSN 30.843.766-70; Denis Monteleone, SSN 46.218.138-38; Shinki Kanas-hiro, SSN 56.261.618-72; Carlos Alberto Fecchio, SSN 549.191.778-87. **ALSO CERTIFIES** that the order issued on 01.15.2007 granted, in its item 43, the removal of any restrictions on behalf of Adriana da Silva Cristino in order to have her discharged. **ALSO CERTIFIES** that the order issued on 03.13.2007 decreed the disregard of the corporate entity in relation to Patrícia Lessa Machado de Souza Rocha, SSN 586.516.756-15. **ALSO CERTIFIES** that, by order issued on 05.21. 2007, the bankruptcy was extended to the companies Comercial Têxtil Can Can Ltda-Me,  TIN  No.  03.062.340/0001-35;  Ubassai  Participações  e  Serviços  Ltda,  TIN  No. 06.575.156/0001-87; D.C. Petroleo Ltda, TIN No. 00.833.444/0001-08; Capipetro Comercio de Combustivel Ltda, TIN No. 00.284.335/0001-89; Distribuidora de Petroleo Arli Ltda, TIN No. 02.076.155/0001-37; Jordan Distribuidora de Petroleo Ltda, TIN No. 02.047.467/0001-12; H.P. Brasileira de Petroleo Ltda, TIN No. 65.865.875/0001-00 and Petrox Distribuidora de Petroleo Ltda, TIN No. 02.090.150/0001-69, and disregarded the corporate entity in relation to the partner Damaira Aparecida Ezequie Gonçalves Paco, SSN 156.217.048-19. **ALSO CERTIFIES** that by order issued on 07.06.2007, the effects of the bankruptcy ruling were extended to the companies Copaster Industria e Comercio Ltda, currently Copaster Industria, Comercio e Envasadora de Produtos Quimicos Ltda, TIN No. 02.580.310/0001-58; Hima Comercio e Representações de Auto Peças Ltda, currently Hima Factoring e Fomento Mercantil Ltda, TIN No. 65.974.545/0001-44; Suriá Produtos Químicos Ltda, TIN No.07.813.893/0001-33; Rainha Comercio de Lubrificantes e Derivados Ltda, TIN No. 03.435.703/0001-30; PJ Comercial de Bebidas Ltda., TIN No. 04.094.122/0001-89 (currently named Jot' Loja d e Conveniencia Ltda); Esp Oil Artigos Automotivos Ltda-Me, TIN No. 03.963.589/0001-11; Seven Oil Brasileira Comercio e Serviços

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

Ltda, TIN No. 04.548.827/0001-95; Dape Brasileiro Derivados Petroquimicos Ltda, TIN No. 04.828.553/0001-98; Basic Oil Brasileiro Petroquímica Ltda.-ME; Gonini & Gonini Ltda, TIN No. 05.346.784/0001-28; Basic Oil Brasileiro Petroquimica S/A, TIN No. 04.819.863/0001-46 and Basic Oil Petroquimicos S.A.; Lebrão Auto Posto Ltda, TIN No. 38.912.978/0001-00; Bat Petro Ltda, TIN No. 03.745.936/0001-30; Agrobau Agropecuaria Ltda, TIN No. 03.161.976/0001-34; Oatrix Participaçoes e Serviços S.A; New Again Comercio e Recuperaçao Automotiva Ltda, TIN No. 71.966.196/0001-11; Auto Posto Vector Ltda, TIN No. 03.246.483/0001-05; Moinho São Cristovão Ltda (currently named São Cristovao Empreendimentos E Participaçoes Ltda), TIN No. 33.243.783/0001-93; Pizzaria Bom Pedaço Ltda-Me, TIN No. 07.797.606/0001-49; Auto Posto Jau Ltda, TIN No. 51.122.901/0001-97; Lar Do Gas Comercio De Equipamentos e GLP Ltda, TIN No. 07.152.359/0001-23; Park West Investiment Holdings S.A.; Lar do Gas de Guarulhos Comercio e Equipamentos em GLP Ltda-Epp, TIN No.

[Handwritten]

**188274**

07.825.371/0001-51; Cristina de Fatima Migliato-Me, TIN No. 03.163.861/0001-89; Rosiclem Logistica Ltda, TIN No. 05.561.904/0001-00); Ecoquimica Comercial LTDA, TIN No. 68.072.578/0001-97; Industria e Comercio Rei Ltda, TIN No.14.188.007/0001-93; RJ Pilbeam Comercio Importadora e Exportadora Ltda; Auto Posto Center Rudge Ltda, Auto Posto Hobby Ltda, TIN No. 51.122.901/0001-97; Auto Posto Vila Industrial Ltda; Auto Center Monte Castelo Ltda, TIN No. 54.840.459/0001-22; Posto e Restaurante Cometa Ltda; Restaurante Cometa Ltda; Philterry Corporation S.A.; Richley International S.A.; Dalystore Corporation S.A., Benvenuti e Alcantara Ltda; **and** disregarded the corporate entity in relation to Mr. João Bosco de Castro, SSN 132.144.896-15; Mario de Almeida Campos, SSN 22.475.118-21; Edson Roberto Frias, SSN 756.065.778-87; Dirce Murgia Giusti, SSN 259.501.488-94; Marivaldo Fernandes de Souza, SSN 430.333.184-87; Jose Aguinaldo dos Santos, SSN 123.253.348-30; Luiz Carlos Meirelles, SSN 669.698.918-87; Wilma Ribeiro Meirelles, SSN 42.838.498-63; Simone Maria Affonso Julião, SSN 42.887.797-40 ;Reginaldo Pacifico, SSN 171.248.718-32; Francisco Damo Deddeca, SSN 297.983.598-60; Eduardo Aureo Fernandes De Souza, SSN 181.274.968-63. **ALSO CERTIFIES** that the order issued on 07.06.2007 **declared that the date of bankruptcy of the companies affected by disregard of corporate entity** due to their relation with the main debtor **retroacts to October 20, 2003**, all in consideration of the Principle of Continuity of the Declaratory Act of Extension. **ALSO CERTIFIES** that, by order issued on 07.06.2007, **the Legal Term of Bankruptcy was set** with the date of **07.10.1995. ALSO CERTIFIES** that, by order issued on 08.24.2007, in the Ancillary Bankruptcy Proceeding of Petroforte Brasileiro Petróleo Ltda, proceeding Nº 2001.074201-0/268**, the effects of the Bankruptcy decree were extended to the companies** River South S.A.; Vultee Companhia Securitizadora de Creditos Financeiros, TIN No. 05.808.579/0001-37; Securinvest Holdings S.A., TIN No. 03.389.026/0001-16; Turvo Participações S.A, TIN No. 05.013.312/0001-53 (succeeded Account Business & Participações Ltda); Agroindustrial Espirito Santo Do Turvo Ltda, TIN No. (formerly Telvan Comunicaçoes Ltda), TIN No. 01.864.110/0001-64; Kiaparack Participações e Serviços Ltda, TIN No. 06.302.230/0001-91; MT & T Ltda. currently MT&T Prestação de Serviços em Envasamento Ltda., TIN No. 04.982.331/0001-25

[Handwritten]

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

## 188275

All Sugar International Inc; Red Cloud Ltda; Blue Snow Holdings Inc; Real Sugar Corporation, **and** disregarded the corporate entity in relation to to Mr. Carlos Masetti Junior, SSN  580.308.168-04; Carlos Masetti Neto, SSN 173.341.278-62; Ida Tufano, SSN  755.748.888-15; Francisco Bosque Neto, SSN  280.226.138-91; Watson Gonçalves SSN  587.761.251-49 or 315278868-16); Fernando Masetti, SSN  290.243.708-09; Wellengton Carlos de Campos, SSN 004.049.408-03; Myriam Nivea de Andrade Ortolan, SSN 046.309.188-41; Maria Isabel Quintino Nicotero Pestana, SSN 118.982.718-28; Wulmaro Pereira Lima or Vulmaro Pereira Lima, SSN  483.324.616-34, and their assets will become part of the Bankruptcy Estate. **ALSO CERTIFIES** that, by order issued on **08.24.2007**, the effects of Bankruptcy decree were extended to the companies Padaria Confeitaria Millenium Ltda, TIN No. 02.541.432/0001-35, Auto Posto;Ankarras, TIN No. 04.014.918/0001-40; Auto Posto São Felipe Ltda, TIN No. 49.737.059/0001-56; Centro Automotivo Varzea Petro Ltda, Registered Company ID#  51200704399; Petro Ponto Azevedo Ltda, Registered Company ID# 51200747764; Auto Posto Pilar Ltda, Company Register ID No. 51200747748; Auto Posto Terra Nostra Ltda, Company Register ID No. 51200748116; **and** disregarded the corporate entity in relation to Mr. Rodrigo De Almeida, SSN 195.094.618-57; Jean Pierre Rocha Canavarro, SSN 465.755.965-68; Jose Roberto Barbosa, SSN  381.661.278-49, Jose Maria Teixeira, SSN 85.611.097-34; Cely Fontes Teixeita, SSN  142.494.018-47 thus their assets will become part of the inventory of the Bankruptcy. **ALSO CERTIFIES** that the petitioner Agroindustrial Espirito Santo Do Turvo Ltda., filed an **Interlocutory Appeal (No. 528.707-4/1)** and a partial stay of proceedings was granted to stay the effects of the bankruptcy, upholding the collection and without sealing the establishment, allowing its business activities to continue under strict inspection of the trustee, as per ruling issued on September 12, 2007. **ALSO CERTIFIES** that, by order issued on 09.17.2007, the effects of the bankruptcy decree were extended to the company AGRICOLA RIO TURVO Ltda, TIN No. 04.523.252/0001-56. **ALSO CERTIFIES** that petitioner AGROINDUSTRIAL ESPIRITO SANTO DO TURVO LTDA filed an **Interlocutory Appeal (No. 533.665-4/0)** in which the Court granted a preliminary injunction allowing checking account transactions, surviving the order of inspection by the trustee, with the obligation of the appellant to report, every week, the transactions to the trustee, who shall have free access to all the accounting documentation of the company to check for possible irregularities or improprieties in the administration, which will cause immediate restitution to the previous condition, by ruling issued on October 4,2007. **ALSO CERTIFIES** that the petitioner Agrícola Rio Turvo Ltda. filed an **Interlocutory Appeal (No. 533.206-4/7)** in which the effects of the bankruptcy were stayed, upheld the collection, without sealment, [and] allowed [the company] to continue its activities under the inspection of Petroforte's bankruptcy trustee, under the terms of Interlocutory Appeal No. 533.665-4/0, by ruling

[Handwritten]

[Coat of Arms]

**JUDICIARY**
**Court of Justice of the State of São Paulo**

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

**188276**

issued on October 4, 2007. **ALSO CERTIFIES** that in proceeding No. 583.00.2007.170553-4/ c. 1172/07, filed by Denis Monteleone 1mc, Petroforte Brasileiro Petróleo L da and/or, **by order issued on 09.07.2007,** the motion to declare the inexistence of a relationship between the Petitioner Deni Conteleone, ID # 13.220.907-X and SSN 046.218.138-38 and the respondents Petroforte Brasileiro Petroleo Ltda, R.J. Pilbe-am Comercio Importação e Exportação Ltda, Costic Intemational Inc. and Intermarino International Inc, was granted, thus being **disqualified in the records of the Bankruptcy the condition of "bankrupt."** **ALSO CERTIFIES** that, by order issued on 01.23.2008, the effects of the Bankruptcy decree were extended to the company Mart-Plus do Brasil Ltda, TIN No. 00.632.061/0001-71. **ALSO CERTIFIES** that, by order issued on pages 107/108 of the records of the Request of Restitution No. 2001.074201-6/436, which Auto Posto Hobby Ltda. filed in the Bankruptcy of Petroforte Brasileiro Petroleo Ltda, **the extension of the Bankruptcy for the company Auto Posto Hobby Ltda. was revoked,** TIN No. 51.122.901/0001-97 for all legal purposes. **ALSO CERTIFIES** that, by order issued on 04.24.2008 the effects of the Bankruptcy decree were extended to the **company Auto Posto Gol-São Carlos Ltda. ALSO CERTIFIES** that, by order issued on **05.05.2008 the effects of the Bankruptcy decree were extended to the company West'Co Petroleo Ltda, TIN No. 01.299.229/0001-31. ALSO CERTIFIES** that the order issued on 07.23.2008 disregarded the corporate entity in relation to Jose Antonio Neuwald, SSN 177.438.260-15. **ALSO CERTIFIES** that, on 08.12.2008, the Court dismissed the **Interlocutory Appeal filed by** Agroindustrial Espírito Santo do Turvo Ltda, **No. 528.707-4/1**, **revoking the injunction granted. ALSO CERTIFIES** that, on 08.13.2008, the Court dismissed the **Interlocutory Appeal filed by** Agrícola Rio Turvo Ltda, **No. 533.206-4/7,** revoking the injunction **granted. ALSO CERTIFIES** that the records of the **Bankruptcy of Samavel Administradora de Consórcios *SIC* Ltda**, TIN No. 65.506.016/0001-16, proceeding No. 2005.100593-1, which was in progress before the 42nd Central Civil Court of Forum João Mendes, under **order issued in the Conflict of Jurisdiction No. 154.208-0/9-00,** in which the Claimant Court declared that the case **pertained to the 18th Civil Court**, the case was redistributed to the latter, **with all of its** changes and effects concentrated under **No. 583.00.2001.074201-2/1020. ALSO CERTIFIES** that, by order appealed issued by the Hon. Chief Justice Nancy Andrighi, in the records of the **Temporary Injunction No. 14.673 - SP (2008/0193031-0)** filed with the **Supreme Court of Justice, an injunction was granted exclusively to reinstate the provisional protection that was granted in the Interlocutory Appeal No. 528.707- 4/1** (which granted, in part, provisional protection, to stay the effects of the bankruptcy, upheld the collection without sealment of the company, in order to continue its business activity, under strict inspection of the trustee). **ALSO CERTIFIES** that during session dated 09.22.2009, in the proceeding of **Temporary Injunction No. 15.526/SP** before the Supreme Court of Justice, a ruling was issued granting an injunction, staying the decree of bankruptcy of Securinvest Holdings S/A, for the term of 15 days. **ALSO CERTIFIES** that, by order issued on **11.25.2009, in ancillary proceeding No. 268,** the extension of the effects of the bankruptcy in relation to **Myriam Nivea de Andrade Ortolan** and **Maria Isabel Quintino Pestana was revoked. ALSO CERTIFIES** that the order issued on 05.27.2010 **cancelled**, for all purposes, the **ruling that extended the Bankruptcy to the company Industria e Comercio Rei Ltda**., TIN No.14.188.007/0001-93. **ALSO CERTIFIES** that the orders issued on 01.01.2010 and on

[Coat of Arms]

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

05.27.2010 directed the payment of restitutions and payments to **labor creditors,** up to a limit of **BRL 1,500.00,** indicating that these are not advances; greater compensations shall be expressly waived - the claimant creditors should waive the surplus themselves. **ALSO CERTIFIES** that in the third party **Motion to Stay Execution No. 583.00.2008.207486-8** filed by **Aline Lemos Correa de Oliveira Andrade, a ruling issued on 08.25.2010 revoked the extension of Bankruptcy with regard to the petitioner. ALSO CERTIFIES** that the order issued on 10.28.2010 in Ancillary Proceeding No. 2250 disregarded the corporate entity of the companies **Ali Sugar International Inc, Real Sugar Corporation, Securinvest Holdings S.A, Agroindustrial Espírito Santo do Turvo Ltda, Kiaparack Participações e Serviços Ltda, Red Cloud Ltda, Blue Snow Holdings Inc., Vision Point Holding Inc;, Glowing Star Holdings Inc., Turvo Participações S.A., Vultee Companhia Securitizadora de Créditos Financeiros, Securinvest Holdings S.A., MT & T Prestação de Serviços em Envasamento Ltda and Petroforte Brasileiro de Petróleo Ltda in order to directly and personally affect Mrs. Katia Rabello**, SSN  293.928.966-20 and Mr. Flavio Barbosa do Amaral Junior, SSN 094.643.728-93. **ALSO CERTIFIES** that on **04.18.2011** the Court appointed a **second trustee** for the Bankruptcy of Petroforte Brasileiro Petróleo Ltda and/or, namely **Mrs. Vanuza Vidal Sampaio**, OAB/SP 226.385 A, with offices at Av. Brigadeiro Faria Lima, 2.081, 1° andar, São Paulo-SP, CEP 01452-000, Ph. (11) 4304-9809, with the role of legalizing, taking possession and running the collected gas stations and other assets known to belong to the debtor, as well as the distribution companies and the São Carlos Fuel Base, with the purpose of future sales thereof, and any actions related to the work performed by her. **ALSO CERTIFIES** that the **Eminent Court of Justice**, in the ruling on the **Special Appeal No. 1.125.767 - SP (2009/0093945-0)**, with transit *in rem judicatam* dated 09.14.2011, established a legal deadline **for the presentation of a rebuttal to the request of extension of bankruptcy,** formulated by the trustee, **of the appellants Carlos Masetti Neto and Fernando Masetti. ALSO CERTIFIES** that, on **10.20.2011 the extension of bankruptcy was revoked for the companies Securinvest Holdings S.A, Agroindustrial Espírito Santo do Turvo Ltda, Kiaparack Participações e Serviços Ltda e Agrícola Rio Turvo Ltda** and for the persons of **Kátia Rabello and Flavio Barbosa do Amaral Junior**, and Mr. Alexandre Cury Guerrieri Rezende, OAB/SP 208.324 was appointed Trustee of the Plant. **ALSO CERTIFIES** that regarding the foregoing decision, Interlocutory Appeal **No. 0277452-25.2011.8.26.0000** was filed by the **trustee** of the Debtor, **Interlocutory Appeal No. 0277458-32.2011.8.26.0000** was filed by claimant creditor Ubirajara da Rocha Leite, and Interlocutory Appeal No. 0283205-60.2011.8.26.000 was filed by the Public Attorney of the State of São Paulo, being attributed stay of effects to the interlocutory appeals in order to stay the decision dated 10.20.2011 until new ruling by the Court of Justice of the State of Sao Paulo; the proceeding is at the stage of collection of assets and their sale by means of judicial auction, **list of credits, and making payments to labor creditors up to the limit of BRL 1,500.00, indicating that these are not advances: greater credits shall expressly waive the surplus amount. NOTHING ELSE.** The abovementioned is true, I attest. São Paulo, on the eleventh day of the month of May of the year two thousand and twelve. I, [Signature] (Maria Luiza Bula Trevisani) judicial administrative clerk, typed and printed it. And I, [Signature] (Arlindo Cosmo Filho) Director Registrar, signed below.

[Handwritten]

EXEMPT
[Stamp]

**[Coat of Arms]**

# JUDICIARY
## Court of Justice of the State of São Paulo

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

18th Civil Registry Office
Arlindo Cosmo Filho – Division Director
Sara Maria Salles Peixoto – Senior Officer
Address, Praça João Mendes, 907 – CEP91501-900 – Phone [Illegible]

188269



# PODER JUDICIÁRIO
**Tribunal de Justiça do Estado de São Paulo**

18ª

Vara e Ofício Cível

O BEL. ARLINDO COSMO FILHO, ESCRIVÃO DIRETOR DO DÉCIMO OITAVO OFÍCIO CÍVEL DESTA COMARCA DA CAPITAL DO ESTADO DE SÃO PAULO, NA FORMA DA LEI, ETC...

**C E R T I F I C A** a pedido de parte interessada que revendo em Cartório os autos da falência de **PETROFORTE BRASILEIRO PETRÓLEO LTDA, CNPJ 96.288.881/0001-67 processo nº 01.074.201-2**, distribuído em 02 de julho de 2001, deles verificou constar que foi decretada a falência por r. sentença proferida em 20 de outubro de 2003, sendo nomeado para o cargo de **síndico o Dr. Afonso Henrique Alves Braga**, OAB/SP 122093, com escritório à Av. Nove de Julho, 3229, cj. 1001, São Paulo, SP, telefone (11) 3151-2236 e (11) 3151-2237. **CERTIFICA MAIS** que por parte da requerida foi interposto Agravo de Instrumento o qual foi concedido efeito suspensivo, por V. Acórdão proferido em 22 de fevereiro de 2002. **CERTIFICA MAIS** que por Sessão realizada em 16 de agosto de 2005, foi decidido por votação unânime negar provimento ao recurso, revogando-do o efeito suspensivo, estando os autos em fase de cumprimento da sentença da quebra. **CERTIFICA MAIS** que por r. despacho proferido em 26.04.2006 foi **estendida a falência** às empresas :Apari Empreendimentos e Participações Ltda, CNPJ 02.361.391/0001-03; Dena Empreendimentos e Participações Ltda, CNPJ 02.357.396/0001-54; Sh Administração e Representação Comercial Ltda, CNPJ 96.552.567/0001-40; Visão Empreendimentos e Administração e Participações Ltda, CNPJ 04.314.353/0001-17; Gulf-Bras Empreendimentos, Administração e Participações Ltda, CNPJ 04.879.90(0/0001-01.;Maxi-Chama Azul-Gás Distribuidora de Gás Ltda, CNPJ 01.156.290/0001-20;Wine's Comercial Ltda, CNPJ 03.273.036/0001-37; Sobar S/A Álcool e Derivados, CNPJ 49.632.262/0001-29; Sobar S/A Agropecuária, CNPJ 49.136.575/0001-25; Agrobau Prestação de Serviços S/C Ltda, CNPJ 03.161.976/0001-34; Resipetros Derivados de Petróleo Ltda, CNPJ 01.529.210/0001-34; Prince Partners Empreendimentos e Participações Ltda, CNPJ 68.277.946/0001-33. **CERTIFICA MAIS** que, por r. despacho proferido em 26.04.2006, houve a desconsideração da personalidade jurídica da falida determinando a responsabilização por todos os deveres e obrigações da empresa aos Srs(as)que são **sócios** da falida: Ari Natalino da Silva, CPF 774.851.068-72; Aparecida Maria Pessuto da Silva, CPF 200.517.908-66; Levi Luiz Silva Figueiredo, CPF 288.222.5J7-53; Sandra Regina Davanço, CPF 944.950.178-53; Débora Aparecida Gonçalves da Silva, CPF 104.070.918-40; Herick da Silva, CPF 273.403.438-73; Airton de Freitas., CPF 715.839.128-C0; Humberto Duarte Lopes, CPF 215.303.498-18; Heleno Duarte Lopes, CPF 411.341.928-00 e Adriana da Silva Cristo, CPF 949.431.252-04.**CERTIFICA MAIS** que por r. despacho proferido em **07.07.2006** foram **estendidos os efeitos da r. sentença de Quebra às empresas**: Auto Posto Cascata Ltda, CNPJ 03.200.015/0001-91; Auto Posto Perfect Service Ltda, CNPJ 01.042.275/C001-50; Pontal da Lagoinha Auto Posto Ltda, CNPJ 53.256.111/0001-20; Samavel Locadora de Veiculos Ltda, CNPJ 56.850.738/0001-00; Auto Posto Cunhas do Guaruja Ltda, CNPJ 00.238.039/0001-41; Posto de Serviço Caxopa Ltda, CNPJ 74.543.513/0001-85; Auto Posto Tetra Ltda, CNPJ 00.218.986/0001-70; Auto Posto Cinco Estrelas de Santos Ltda, CNPJ 01.066.112/0O01-08; Posto de Serviços Adriatico Ltda, CNPJ 49.094.451/0001-24; Itapoan Auto Posto Ltda, CNPJ 50.593.763/0001-61; Open Posto de Serviços Ltda, CNPJ 00.912.029/0001-40; Pilatos Posto de Serviços Ltda, CNPJ 01.436.774/0001-22; Alvorada Produtos de Petroleo Ltda, CNPJ 55.278.642/0001-49; Ultra Petro Posto de Serviços Ltda, CNPJ 00.929.957/0001-17; Petroforte Química Ltda, CNPJ 96.353.230/0001-03; Auto Posto 3R II do Vale Ltda, CNPJ 01.319.562/0O01-65; H.P. Brasileira de Gás Ltda, CNPJ 66.677.246/0001-00; Auto Posto Cinco Estrelas de São José dos Campos Ltda, CNPJ 59.248.039/0001-75; Depari Auto Posto Ltda, CNPJ 03.918.660/0O01-44; Samavel São Mateus Veiculos Ltda, CNPJ 56.850.738/0001-00; Posto De Serviços Alro Gil Ltda, CNPJ 02.851.138/0001-20; Auto Posto Fiorelli Ltda, CNPJ 02.932.254/0O01-73 Auto Posto America Ltda, CNPJ 58.212.804/0001-34; Auto Posto Jauense Ltda, CNPJ 56.761.695/0001-89; Big Petro Posto de Serviços Ltda, CNPJ 01.032.520/0001-49; Au-



**PODER JUDICIÁRIO**
Tribunal de Justiça do Estado de São Paulo

to Posto Pitchulinha Ltda, CNPJ 01.171.897/0001-89; Auto Posto Veredas Dois Ltda, CNPJ 58.188.848/0001-76; Nova Piramide Materiais para Construção Ltda, CNPJ 01.164.502/0001-10; Tenorio Auto Posto Ltda, CNPJ 64.518.671/0001-56 ou 50.453.091/0001-99; Power Posto de Serviços Ltda, CNPJ 00.953.338/0001-68; G.A. Formici e Cia Ltda, CNPJ 52.529.062/0001-99 ( também denominada Auto Posto Fenix de São Carlos Ltda) ; Home Auto Posto Ltda, CNPJ 01.164.197/0001-67; Realidade Posto de Serviço Ltda, CNPJ 00.788.739/0001-00; Auto Posto Lírios do Campo Ltda, CNPJ 00.896.976/0001-94; Petrojoia Posto de Serviços Ltda, CNPJ 00.908.427/0001-92; Panorama Posto e Churrascaria Ltda, CNPJ 46.957.296/0001-34; Verde Petro Posto de Serviço Ltda, CNPJ 01.433.411/0001-33; Auto Posto Gurupi Ltda, CNPJ 43.295.203/0001-65; Lavapetro Posto De Serviços Ltda, CNPJ 00.868.063/0001-64; Trianon Posto De Serviços Ltda, CNPJ 00.953.328/0001-22; Real Dois Postos de Serviços Ltda, CNPJ 00.506.926/0001-53; Auto Posto Charlotte, CNPJ 00.959.856/0001-99; Auto Posto Tala Ltda, CNPJ 00.526.480/0001-29; Posto Perola de Caragua Ltda, CNPJ 00.614.193/0001-70; Petro Shopping Conveniencia Ltda, CNPJ 00.029.145/0001-15; Mamonas Auto Posto Ltda, CNPJ 01.164.196/0001-12; Auto Posto Santa Paula de São Carlos Ltda, CNPJ 45.361.508/0001-53; Posto Italia Araraquara Ltda, CNPJ 67.094.300/0001-58; Fast Petro Posto de Serviços Ltda, CNPJ 00.927.200/0001-94; Zenith Auto Posto Ltda, CNPJ 52.075.298/0001-00; Petrocon Posto de Serviços Ltda, CNPJ 00.501.495/001-32; Auto Posto Patrimonial Ltda, CNPJ 01.291.505/0001-15; Auto Posto Cidade Araci, CNPJ 00.175.079/0001-91; Posto de Serviços Pelicano de Itu Ltda, CNPJ 00.833.397/0001-00; Auto Posto New Face Ltda, CNPJ 00.788.738/0001-65; Petroserver Conveniencia Ltda, CNPJ 01.458.174/0001-65; Comercio de Petroleo e Derivados J.J.N. Ltda, CNPJ 00.995.404/0001-62; Drogaria Cidade Aracy Ltda, CNPJ 00.545.596/0001-05; Fort Serv Conveniencia Ltda, CNPJ 01.538.358/0001-35; Fort Petro Posto de Serviços Ltda, CNPJ 00.788.740/0001-34; Auto Posto Santo Antonio de Araraquara Ltda, CNPJ 43.958.636/0001-53; Comercial Sancarlense de Derivados de Petroleo Ltda, CNPJ 62.601.703/0001-22; Recicla-Coleta e Reciclagem de Lixo Ltda, CNPJ 72.924.095/0001-40; Auto Posto Ursa Maior Ltda, CNPJ 01.291.504/0001-70; Auto Posto Petrocap Ltda, CNPJ 00.218.992/0001-28; Auto Posto Safira Ltda, CNPJ 45.169.174/0001-10; Auto Posto Cambuc Ltda, CNPJ 00.843.868/0001-53; Posto Petroauto Ltda, CNPJ 00.268.478/0001-05; Hermelino Posto de Serviços Ltda, CNPJ 00.788.741/0001-89; Poliana Transportes Ltda, CNPJ 96.297.593/0001-79; Auto Posto Dimensão, CNPJ 01.302.774/0001-30; Savana Posto d Serviços Ltda, CNPJ 00.925.501/0001-89; Auto Posto Bakana Ltda, CNPJ 00.976.517/0001-10; Hena Posto De Serviços Ltda, CNPJ 01.436.771/0001-99; Centro Automotivo Paraibuna Ltda, CNPJ 02.665.988/0001-33; Horse Representação de Oleos e Graxas Ltda ( anterior Sil Pin e Pin; Horse Posto De Serviços Ltda) CNPJ 56.285.794/0001-31; Auto Posto Zero Sete Ltda, CNPJ 49.958.036/0001-71; Fon Fon Serviços Automotivos Ltda, CNPJ 44.097.798/0001-07; Auto Posto Praia Azul Ltda, CNPJ 48.178.982/0001-32; Ederson Luis de Moraes & Cia Ltda, CNPJ 01.385.877/0001-00; Exclusivo Auto Posto Ltda, CNPJ 02.265.588/0001-30; Silmapetro Serviços Automotivos Ltda; CNPJ 03.308.532/0001-89; Restaurante Severinia Ltda, CNPJ 00.640.050/0001-33; Posto de Serviços Severinia Ltda, CNPJ 00.638.355/0001-00; Centro Automotivo Anhanguera Ltda, CNPJ 00.892.447/0001-12; Thunder Factoring-Fomento Comercial Ltda, CNPJ 96.297.668/0001-11 Auto Posto Officer Ltda, CNPJ 01.164.199/0001-56; Auto Posto Lux Ltda, CNPJ 01.511.507/0001-72; Star Center Automotivo Ltda; Auto Posto Petrovale de Jacarei Ltda, (atual denominação Auto Posto Anhanguera Ltda), CNPJ 00.550.377/0001-14; Posto de Serviços de Araras Ltda, CNPJ 02.084.391/0001-03; Auto Posto Binão de Franca Ltda, CNPJ 01.476.585/0001-83; Petromar de Sartos Posto de Serviços Ltda, CNPJ 01.582.181/0001-74; Polar Petro Posto de Serviços Ltda, CNPJ 01.582.183/0001-63; Unipetro Posto de Serviços Ltda, CNPJ 02.084.400/0001-58; Auto Posto Petro Era Ltda, CNPJ 01.705.764/0001-45; Auto Posto Bruxellas Ltda, CNPJ 01.788.001/0001-05; Petropeças Comercial Ltda, CNPJ 02.286.606/0001-60; Petropanther Posto de Serviços Ltda, CNPJ 02.352.189/0001-07; Restaurante e Lanchonete Cravinhos Ltda,

188271



# PODER JUDICIÁRIO
**Tribunal de Justiça do Estado de São Paulo**

CNPJ 02.413.705/0001-66; Mack-Ultra Lanche Ltda, CNPJ 02.576.107/0001-08; Free Way Centro Automotivo Ltda, CNPJ 02.576.104/0001-74; Posto de Serviços Way Back Ltda, CNPJ 02.576.105/0001-19; K. S. D. 61-Rudge-Auto Posto Ltda, CNPJ 02.526.997/0001-43; K. S. D. 51-Rudge-Auto Posto Ltda, CNPJ 02.407.841/0001-43; Cruz de Malta Taxi Aéreo Ltda, CNPJ 02.947.425/0001-08; Centro Automotivo Duck Ltda, CNPJ 02.542.429/0001-36; Centro Automotivo Paulinia Ltda, CNPJ 01.483.339/0001-59; Mack-Duck Conveniencia Ltda, CNPJ 02.665.987/0001-99; Rick-Tur Transportes Coletivos e Turismo Ltda, CNPJ 05.905.404/0001-48; Auto Posto Papa Léguas Ltda-Me, CNPJ 01.667.085/0001-29; Roltran Comercio de Equipamentos Eletronicos Ltda, CNPJ 03.706.276/0001-88; Auto Posto 3R do Vale Ltda, CNPJ 01.319.562/0001-65; Ederson Luis de Moraes & Cia Ltda, CNPJ 01.385.877/0001-00; Serpetro Posto de Serviços LtdA, CNPJ 02.136.408/0001-25; Auto Posto Italia de Jundiai Ltda, CNPJ 02.542.171/0001-78; Centro Automotivo Rolex Ltda, CNPJ 02.959.512/0001-05; Pereto & Rodrigues Ltda, CNPJ 00.850.557/0001-11; CIVIC AUTO POSTO LTDA, CNPJ 03.480.005/0001-57; AUTO POSTO Gavioes de São Roque Ltda , CNPJ 03.909.782/0001-74, Auto Posto Silva Teles Campinas Ltda, CNPJ 46.974.093/0001-56 e Santa Ursula Empreendimentos e Participações S/A, CNPJ 03.042.877/0001-33. **CERTIFICA MAIS** que por r. despacho proferido em 11.08.2006 foi estendida a falência às empresas Mac Fênix Lanches Ltda, CNPJ 00.029.144/0001-70 e **HSD Transportes Ltda, CNPJ 03.150.761/0002-07, bem como** à pessoa de Nathan Vinicius Gonçalves da Silva, CPF 335.079.428-95. **CERTIFICA MAIS** que por r. despacho proferido em 07.09.2006 foi estendida a falência às empresas K.S.D. 41- Auto Posto Ltda, CNPJ 02.399.930/0001-95 e Auto Posto Tortuga Ltda, CNPJ 51.656.270/0001-96. **CERTIFICA MAIS** que por r. despacho proferido em 07.10.2006 foi estendida às empresas Polosul Química Ltda, CNPJ 96.353.230/0001-03; Arfi Produtos Químicos Ltda, CNPJ 02.412.956/0001-26; Costelão, Churrascaria Pamonha e Lanchonete Ltda, CNPJ 96.404.488/0001-91; Haulover Enterprises Limited; Florence Ventures Inc; Security Investments L.L.C.; Vision Point Holdings Inc, CNPJ 06.671.981/0001-85; Shelter Internacional Investimentos Corp; Glowing Star Holdings Inc, CNPJ 06.671.985/0001-63; : Construtora Babel Ltda, CNPJ 03.017.231/0001-04; Truck Serralheria Ltda, CNPJ 03.082.470/0001-30; Taxi Petro Ltda, CNPJ 03.170.993/0001-38; Auto Posto Aguia de Lorena Ltda, CNPJ 03.181.067/0001-68; Centro Automotivo Gavioes Ltda, CNPJ 03.193.735/0001-77; Auto Posto Sobar Ltda, CNPJ 03.193.801/0001-09; Auto Posto Omega Ltda, CNPJ 03.189.667/0001-72; Restaurante E Churrascaria Lorena Ltda, CNPJ 03.231.324/0001-29; Nick's Conveniencia Ltda, CNPJ 02.959.509/0001-91; Fast Conveniencia Ltda, CNPJ 03.297.719/0001-24; Restaurante E Churrascaria Amigão Do Uchoa Ltda, CNPJ 03.409.234/0001-85; Auto Posto Amigão Do Uchoa Ltda, CNPJ 00.850.557/0001-11; Conveniencia Masson Ltda, CNPJ 03.480.788/0001-79; cascata conveniencia ltda, CNPJ 03.579.807/0001-19; Lanchonete e Restaurante Cascata Ltda, CNPJ 03.579.758/0001-14; Good Conveniencia Ltda, CNPJ 03.318.988/0001-20; Rocha Comunicação Ltda, CNPJ 03.345.167/0001/82; Sensat Serviço Especial Nacional de Segurança Armada e Transporte de Valores Ltda, CNPJ 03.651.026/0001-98; Auto Posto Melillo Ltda, CNPJ 03.782.451/0001-16; Auto Posto Menezes de Rio Preto Ltda, CNPJ 03.776.917/0001-70; Auto Posto Sepetiba Ltda, CNPJ 50.481.423-0001-49; Auto Posto Big Fox Ltda, CNPJ 03.885.851/0001-57; Road Restaurante e Lanchonete Ltda, CNPJ 03.885.850/0001-02; Restaurante e Lanchonete Km 48 Ltda, CNPJ 03.921.479/0001-97; Art Petro Artesanato Ltda, CNPJ 03.933.418/0001-40; Plus Auto Posto Ltda, CNPJ 04.084.516/0001-12 anteriormente denominado Petro Plus Auto Posto Ltda; Auto Posto Beatriz Ltda, CNPJ 52.920.402/0001-08; Auto Posto Sete Estradas Ltda, CNPJ 02.821.899/0001-39; Interworld Agencia de Viagens e Turismo Ltda, CNPJ 57.816.613/0001-19; Portupetro Posto Serviços Ltda, CNPJ 04.233.028/0001-20; Lufh Comercio de Oleos e Graxas Ltda, CNPJ 01.366.834/0001-88 anteriormente Lufh Service Comercial Ltda e Auto Posto Lufh Service Ltda; Caminhoneiro Veiculos Ltda, CNPJ 47.950.217/0001-26 anterior Fittipaldi Veiculos Ltda; Centermax Posto de Serviços Ltda, CNPJ 04.348.535/0001-09; Conveniencia Itapoan Ltda, CNPJ



# PODER JUDICIÁRIO
**Tribunal de Justiça do Estado de São Paulo**



04.743.820/0001-24; Santi Confecçoes Ltda, CNPJ 04.486.482/0001-56; Editora e Grafica Rãn- São Carlos Ltda, CNPJ 03.281.419/0001-57; Editora e Grafica Sãocarlense Ltda, CNPJ 01.059.489/0001-30; Praia Azul Representação de Oleos e Graxas Ltda, CNPJ 48.178.982/0001-32; Auto Posto America Ltda, CNPJ 58.212.804/0001-34; A Tribuna – SP Classificados Ltda, CNPJ 48.525.976'0001-04; No Stop Racing Promoção de Eventos Esportivos Ltda, CNPJ 07.219.874/0001-83; DHD Posto de Gás Ltda, CNPJ 03.746.544/0001-95; K.S.D. 21-Auto Posto Ltda; Auto Posto Lavuru de Descalvado Ltda, CNPJ 00.540.353/0001-04, **bem como** a desconsideração da personaldade jurídica em relação a Antonio Pedro Rodrigues de Souza Rocha, CPF 013.758.878-07; Fafael Fiestas Garcia, CPF 649.122.648-49; Leontina Aparecida Bastelli, CPF 849.428.788-53; Wedelson Teixeira Gonçalves, CPF 596.588.866-04; Marisa da Silva Conde, CPF 271.598.308-57; Thais Ruggiero Massucio, CPF 277.743.088-81; Jose Roberto Barbosa, CPF 381.661.278-49; Rubens Massucio Rubinho, CPF 34.486.738-20; Darcy De Assis Gonçalves Filho, CPF 109.074.008-50; Dulcelene Aparecida Ezequiel Gonçalves, CPF 71.903.628-35; Ana Carolina Luciani, CPF 14.408.038-97; Joaquim Gomes De Figueiredo Neto, CPF 61.614.568-34. **CERTIFICA MAIS** que por r. despacho proferido em 22.10.2006 foi estendida a falência à empresa Auto Posto Triângulo de S. Jose, CNPJ 67.880.799/0001-29, **bem como** a desconsideração da personalidade jurídica à Yoshika Komoda, CPF 431.656.138-34; Moacir Pedro Pinto Alves, CPF 592.399.218-34; e Aline Lemos Correa De Oliveira Andrade, CPF 866.598.044-04. **CERTIFICA MAIS** que por r. despacho proferido em 07.11.2006 foi estendida a falência à empresa Fastshop Pitchulinha Ltda, CNPJ 05.005.450/0001-90, **bem como** a desconsideração da personalidade jurídica em relação a Carmem Luiza Maceiras Condi, CPF 146.323.278-08; Alexandro Antonio Blini Maceiras, CPF 150.968.738-20; Luiza Amelia Meroni Baptista, CPF 220.966.028-90; Silvio Aparecido Sobrinho, CPF 606.258.300-59; Valeria Ribeiro Nelson , CPF 287.952.778-38; Leonardo Meirelles, CPF 265.415.238-99. **CERTIFICA MAIS** que por r. despacho proferido em 15.01.2007 foi estendida a falência às empresas Sociedade Civil Jornal a Tribuna de São Carlos Ltda, CNPJ 48.525.976/0001-04; Las Assessoria Empresarial e Participação Ltda, CNPJ 01.929.281/0001-24; Santafe- Empreendimentos e Participações Ltda, CNPJ 01.490.373/0001-50 (atual denominação R.J. Pilbeam Comercio Importação e Exportação Ltda); Costic International Inc, endereço na East 53 Srd Street, Marbella, Swis Bank Building, Panamá, Rep. do Panamá; Intermarino International Inc; Luxpetro Distribuidora de Petroleo Ltda, CNPJ 02.029.594/0001-99; Serra Petro Comercio de Combustiveis Ltda (nome fantasia Posto Flor da Serra), CNPJ 04.349.918/0001-00; Cuiaba Forte Comercio de Combustiveis Ltda, CNPJ 03.109.059/0001-00, nire 5120070349-0; Manga Grande Comercio de Combustiveis Ltda, Nire 5120072308-3; Rodoviaria Petro Comercio de Combustiveis Ltda, CNPJ 03.307.076/0001-52; Auto Posto Santa Esmeralda Ltda, CNPJ 03.929.812/0001-04 nire 5120074775-6; Auto Posto Garças Petro Ltda, CNPJ 03.917.798/0001-29; Petro Asa Centro Automotivo Ltda, CNP. 03.917.792/0001-51,- nire 5120074771-3 ; Petro Gol Centro Automotivo Ltda, CNPJ 03.476.896/0001-78 ou 03.917.794/0001-40, nire 5120074772-1 Matadeira Comercio de Combustivel Ltda, CNPJ 04.349.919/0001-46; Coxim Petro Comercio Combustivel Ltda; Centro Automotivo Diamantino Ltda, CNPJ 03.917.782/0001-16, nire 5120074770-5; Auto Posto Buzios Ltda, CNPJ 03.190.411/0001-85; Modipel Modelo Distribuidora de Petroleo Ltda, CNPJ 01.311.157/0003-62 ou 01.311.157/0001-09; H.P. Brasileira Distribuidora E Representações Comerciais Ltda, ( anteriormente H.P.Brasileira Distribuidora de Derivados de Petroleo Ltda, H.P.Brasileira Distribuidora e Representações Comerciais Ltda; H.P. Brasileira Distribuidora Representações Comerciais Ltda) CNPJ 64.798.515/0001-61, Tigre Distribuidora de Petroleo Ltda, CNPJ 01.573.487/0001-64; Hena – Car Comercio de Veículos Usados Ltda, CNPJ 05.043.697/0001-00 nire 35217478327; Decker Comercio e Distribuição Ltda, CNPJ 04.236.304/0001-00; Transin Transportes Ltda, CNPJ 03.356.646/0001-02; PHD Photolito Designs Grafico Ltda( PHD D Propaganda Ltda) , CNPJ 02.730.189/0001-01; Posto e Churrascaria Sacramento Ltda, CNPJ 02.703.770/0001-26, nire 3120550095-7; **bem como** a desconsideração da per-

*3)*



188273



# PODER JUDICIÁRIO
**Tribunal de Justiça do Estado de São Paulo**

18ª

Vara e Ofício
- Cível -

sonalidade jurídica em relação à Janair Tomaz Da Silva, CPF 787.399.429-53; Gilmario Clemente Lima Brito, CPF 442.196.877-34; Paulo Eduardo Costa Junqueira, CPF 792.050.037-00; Rémy Nadir Roy, CPF 5.648.509-34; Aristides Abla, CPF 43.202.988-53; Silvia Maria Ruggiero Massucio, CPF 979.891.938-68; Adevenil Ezequiel Gonçalves, CPF 092.033.678-70; Demirval Lemos, CPF 51.659.818-00; Peter Pessuto, CPF 253.713.258-08; Adjamir Simões Ferreira, CPJ 63.222.638-20; Vilma Maria Da Silva, CPF 30.843.766-70; Denis Monteleone, CPF 46.218.138-38; Shinki Kanashiro, CPF 56.261.618-72; Carlos Alberto Fecchio, CPF 549.191.778-87. **CERTIFICA MAIS** que por r.despacho proferido em 15.01.2007, item 43, foi deferida a retirada de quaisquer restrições em nome de Adriana da Silva Cristino para ter sua reabilitação. **CERFICA MAIS** que por r. despacho proferido em 13.03.2007 foi decretada a desconsideração da personalidade jurídica em relação a Patricia Lessa Machado de Souza Rocha, CPF 586.516.756-15. **CERTIFICA MAIS** que por r. despacho proferido em 21.05.2007 foi estendida a falência às empresas Comercial Têxtil Can Can Ltda-Me, CNPJ 03.062.340/0001-35; Ubassai Participações e Serviços Ltda, CNPJ 06.575.156/0001-87; D.C. Petroleo Ltda, CNPJ 00.833.444/0001-08; Capipetro Comercio de Combustivel Ltda, CNPJ 00.284.335/0001-89; Distribuidora de Petroleo Arli Ltda, CNPJ 02.076.155/0001-37; Jordan Distribuidora de Petroleo Ltda, CNPJ 02.047.467/0001-12; H.P. Brasileira de Petroleo Ltda, CNPJ 65.865.875/0001-00 e Petrox Distribuidora de Petroleo Ltda,CNPJ 02.090.150/0001-60, **bem como a** desconsideração da personalidade jurídica da sócia Damaira Aparecida Ezequiel Gonçalves Paco, CPF 156.217.048-19. **CERTIFICA MAIS** que por r. despacho proferido em 06.07.2007 foram estendidos os efeitos da r. sentença de Quebra às empresas Copaster Industria e Comercio Ltda, atual Copaster Industria, Comercio e Envasadora de Produtos Quimicos Ltda, CNPJ 02.580.310/0001-58; Hima Comercio e Representações de Auto Peças Ltda, atual Hima Factoring e Fomento Mercantil Ltda, CNPJ 65.974.545/0001-44; Suriá Produtos Quimicos Ltda, CNPJ 07.813.893/0001-33; Rainha Comercio de Lubrificantes e Derivados Ltda, CNPJ 03.435.703/0001-30; PJ Comercial de Bebidas Ltda, CNPJ 04.094.122/0001-89 ( atual denominação Jot' Loja de Conveniencia Ltda); Esp Oil Artigos Automotivos Ltda-Me, CNPJ 03.963.589/0001-11; Seven Oil Brasileira Comercio e Serviços Ltda, CNPJ 04.548.827/0001-95; Dape Brasileiro Derivados Petroquimicos Ltda, CNPJ 04.828.553/0001-98; Basic Oil Brasileiro Petroquimica Ltda-Me; Gonini & Gonini Ltda, CNPJ 05.346.784/0001-28; Basic Oil Brasileiro Petroquimica S/A, CNPJ 04.819.863/0001-46 e Basic Oil Petroquimicos S.A.; Lebrão Auto Posto Ltda, CNPJ 38.912.978/0001-00; Bat Petro Ltda, CNPJ 03.745.936/0001-30; Agrobau Agropecuaria Ltda, CNPJ 03.161.976/0001-34; Oatrix Participaçoes e Serviços S.A; New Again Comercio e Recuperaçao Automotiva Ltda, CNPJ 71.966.196/0001-11; Auto Posto Vector Ltda, CNPJ 03.246.483/0001-05; Moinho São Cristovão Ltda (atual denominação São Cristovao Empreendimentos E Participaçoes Ltda) CNPJ 33.243.783/0001-93; Pizzaria Bom Pedaço Ltda-Me, CNPJ 07.797.606/0001-49; Auto Posto Jau Ltda, CNPJ 51.122.901/0001-97; Lar Do Gas Comercio De Equipamentos e GLP Ltda, CNPJ 07.152.359/0001-23; Park West Investiment Holdings S.A.; Lar do Gas de Guaruihos Comercio e Equipamentos em GLP Ltda-Epp, CNPJ 07.825.371/0001-51; Cristina de Fatima Migliato-Me, CNPJ 03.163.861/0001-89; Rosiclem Logistica Ltda, CNPJ 05.561.904/0001-00; Ecoquimica Comercial LTDA, CNPJ 68.072.578/0001-97; Industria e Comercio Rei Ltda, CNPJ 14.188.007/0001-93; RJ Pilbeam Comercio Importadora e Exportadora Ltda; Auto Posto Center Rudge Ltda, Auto Posto Hobby Ltda, CNPJ 51.122.901/0001-97; Auto Posto Vila Industrial Ltda; Auto Center Monte Castelo Ltda, CNPJ 54.840.459/0001-22; Posto e Restaurante Cometa Ltda; Restaurante Cometa Ltda; Philterry Corporation S.A.; Richley International S.A.; Dalystore Corporation S.A.,Benvenuti e Alcantara Ltda; **bem como a** desconsideração da personalidade jurídica em relação aos Srs. João Bosco de Castro, CPF 132.144.896-15; Mario de Almeida Campos, CPF 22.475.118-21; Edson Roberto Frias, CPF 756.065.778-87; Dirce Murgia Giusti, CPF 259.501.488-94; Marivaldo Fernandes de Souza, CPF 430.333.184-87; Jose Aguinaldo dos Santos, CPF 123.253.348-30; Luiz Carlos Meirelles, CPF 669.698.918-87; Wilma Ribeiro Mei-






# PODER JUDICIÁRIO
### Tribunal de Justiça do Estado de São Paulo

relles, CPF 42.838.498-63; Simone Maria Affonso Julião, CPF 42.887.797-40 , Reginaldo Pacífico, CPF 171.248.718-32; Francisco Damo Deddeca, CPF 297.983.598-60; Eduardo Aureo Fernandes De Souza, CPF 181.274.968-63. **CERTIFICA MAIS** que por r. despacho proferido em 06.07.2007 foi **declarada que a data da quebra das empresas atingidas pela desconsideração da persona-lidade jurídica**, por sua relação com a falida principal **retroage a 20 de outubro de 2003**, tudo à luz do Princípio da Unicidade do Ato Jurídico Declaratório da Extensão. **CERTIFICA MAIS** que por r. despacho proferido em 06.07.2007 foi **fixado o Termo Legal da Falência** como sendo a data de **10.07.1995** . **CERTIFICA MAIS** que por r. despacho proferido em 24.08.2007 no incidente dos autos da Falência de Petroforte Brasileiro Petróleo Ltda, processo nº 2001.074201-0/**268, houve a extensão dos efeitos da r. sentença de Quebra às empresas** River South S.A.; Vultee Compa-nhia Securitizadora de Creditos Financeiros, CNPJ 05.808.579/0001-37; Securinvest Holdings S.A., CNPJ 03.389.026/0001-16; Turvo Participações S.A, CNPJ 05.013.312/0001-53 ( sucessora do Ac-count Business & Participações Ltda ); Agroindustrial Espirito Santo Do Turvo Ltda, CNPJ ( antes Telvan Comunicações Ltda) CNPJ 01.864.110/0001-64; Kiaparack Participações e Serviços Ltda, CNPJ 06.302.230/0001-91; MT & T Ltda atualmente MT&T Prestação de Serviços em Envasamen-to Ltda, CNPJ 04.982.331/0001-25; All Sugar International Inc; Red Cloud Ltda; Blue Snow Hol-dings Inc; Real Sugar Corporation, **bem como a desconsideração da personalidade jurídica** em relação aos srs. (as) Carlos Masetti Junior, CPF 580.308.168-04; Carlos Masetti Neto, CPF 173.341.278-62; Ida Tufano, CPF 755.748.888-15; Francisco Bosque Neto, CPF 280.226.138-91 ; Watson Gonçalves, CPF 587.761.251-49 ou 315278868-16); Fernando Masetti, CPF 290.243.708-09; Wellington Carlos de Campos, CPF 004.049.408-03; Myriam Nivea de Andrade Ortolan, CPF 046.309.188-41; Maria Isabel Quintino Nicotero Pestana, CPF 118.982.718-28; Wulmaro Pereira Lima ou Vulmaro Pereira Lima, CPF 483.324.616-34, passando os seus bens a integrar o acervo da Massa falida.**CERTIFICA MAIS** que por r. despacho proferido **em 24.08.2007**, foram estendidos os efeitos da r. sentença de Quebra às empresas  Padaria Confeitaria Millenium Ltda, CNPJ 02.541.432/0001-35; Auto Posto Ankarras, CNPJ 04.014.918/0001-40; Auto Posto São Felipe Ltda, CNPJ 49.737.059/0001-56; Centro Automotivo Varzea Petro Ltda, nire 51200704399; Petro Ponto Azevedo Ltda, nire 51200747764; Auto Posto Pilar Ltda, nire 51200747748; Auto Posto Ter-ra Nostra Ltda, nire 51200748116; **bem como a** desconsideração da personalidade jurídica em rela-ção aos Srs. Rodrigo De Almeida, CPF 195.094.618-57; Jean Pierre Rocha Canavarro, CPF 465.755.965-68; Jose Roberto Barbosa, CPF 381.661.278-49, Jose Maria Teixeira, CPF 85.611.097-34 ; Cely Fontes Teixeira, CPF 142.494.018-47 passando os seus bens a integrar o acer-vo da Massa falida. **CERTIFICA MAIS**  que por parte da requerida Agroindustrial Espirito Santo Do Turvo Ltda foi interposto **Agravo de Instrumento  ( nº 528.707-4/1)** no qual foi concedido em parte efeito suspensivo, sustando-se os efeitos da falência, mantida a arrecadação, sem lacração do estabelecimento, possibilitando o prosseguimento da atividade empresarial, sob fiscalização estrita do síndico por V. Acórdão proferido em 12 de setembro de 2007. **CERTIFICA MAIS**  que por r. despacho proferido em 17.09.2007 foram estendidos os efeitos da r. sentença de quebra à empresa **AGRICOLA RIO TURVO LTDA,** CNPJ 04.523.252/0001-56. **DO TURVO LTDA**   que por parte da requerida AGROINDUSTRIAL  ESPIRITO SANTO DO TURVO LTDA foi interposto **Agravo de Instrumento ( nº 533.665-4/0)** no qual foi concedido efeito antecipatório para a movi-mentação das  contas correntes, subsistindo a ordem de fiscalização do síndico, com a obrigação da agravante prestar semanalmente contas das movimentações ao síndico, que terá livre acesso a toda documentação contábil da empresa e eventuais irregularidades na administração ou impropriedades na administração, implicarão na  imediata restituição à situação anterior, por V. Acórdão proferido em 04 de outubro de 2007. **CERTIFICA MAIS** que por parte da requerida Agricola Rio Turvo Ltda foi interposto **Agravo de Instrumento ( nº 533.206-4/7)** no qual foi sustado os efeitos da falência, mantida a ar-recadação, sem lacração, prosseguindo em sua atividade, sob fiscalização do síndico da falencia da Petroforte, nos termos do despacho do Agravo de Instrumento nº 533.665-4/0, por V. Acórdão pro-

33



# PODER JUDICIÁRIO
**Tribunal de Justiça do Estado de São Paulo**

18ª Vara Cível
- Cível -

ferido em 04 de outubro de 2007. **CERTIFICA MAIS** que nos autos da Ação Declaratória processo nº 583.00.2007.170553-4/ c. 1172/07, movida por Denis Monteleone em face de Petroforte Brasileiro Petróleo L da e/ou, por r. **sentença proferida em 07.09.2007** foi declarada procedente a ação para declarar a **inexistência de relação entre** o Autor **Denis Monteleone**, portador do RG 13.220.907-X e CPF 046.218.138-38 e as requeridas Petroforte Brasileiro Petroleo Ltda, R.J. Pilbeam Comercio Importação e Exportação Ltda, Costic International Inc. e Intermarino International Inc, sendo portanto, **desqualificado nos autos da Falência da condição de "falido". CERTIFICA MAIS** que por r. despacho proferido em 23.01.2008 foram estendidos os efeitos da r. sentença de Quebra à empresa **Mart-Plus do Brasil Ltda**, CNPJ 00.632.061/0001-71. **CERTIFICA MAIS** que por r. sentença de fls 107/108 nos autos do incidente de Pedido de Restituição nº **2001.074201-6/436**, que Auto Posto Hobby Ltda move na Falencia de Petroforte Brasileiro Petroleo Ltda, foi **revogada a extensão da Quebra à empresa Auto Posto Hobby Ltda**, CNPJ 51.122.901/0001-97 para todos os fins e efeitos de direito. **CERTIFICA MAIS** que por r. despacho proferido em 24.04.2008 foram estendidos os efeitos da r. sentença de quebra à empresa **Auto Posto Gol-São Carlos Ltda. CERTIFICA MAIS** que por r. despacho proferido em **05.05.2008 foram estendidos os efeitos da r. sentença de Quebra à empresa West'Co Petroleo Ltda, CNPJ 01.299.229/0001-31. CERTIFICA MAIS** que por r. despacho proferido em 23.07.2008 foi decretada a desconsideração da personalidade jurídica em relação a Jose Antonio Neuwald, CPF 177.438.260-15. **CERTIFICA MAIS** que por V. Acórdão proferido em 12.08.2008 foi negado provimento ao recurso do **Agravo de Instrumento interposto por** Agroindustrial Espirito Santo do Turvo Ltda, **nº 528.707-4/1, revogando-se a liminar concedida. CERTIFICA MAIS** que por V. Acórdão proferido em 13.08.2008 foi negado provimento ao recurso do **Agravo de Instrumento interposto por** Agricola Rio Turvo Ltda, **nº 533.206-4/7** revogando-se a liminar concedida. **CERTIFICA MAIS** que os autos da **Falência de Samavel Administradora de Consórcios S/C Ltda**, CNPJ.65.506.016/0001-16, processo nº 2005.100593-1 que tramitava pela E. 42ª Vara Cível Central do Fórum João Mendes por **força do Conflito de Competência Positivo nº 154.208-0/9-00** que declarou o competente o Juízo Suscitante ser do redistribuído à 18ª Vara Cível, com todos os seus incidentes e feitos conexos, **recebendo o nº 583.00.2001.074201-2/1020. CERTIFICA MAIS** que por r. despacho exarada pela Excelentíssima Ministra Nancy Andrighi, nos autos da **Medida Cautelar nº 14.673 – SP ( 2008/0193031-0)** interposta junto ao E. **Superior Tribunal de Justiça** foi concedida liminar **exclusivamente para restabelecer o efeito suspensivo que fora conferido no Agravo de instrumento nº 528.707-4/1** ( que concedia em parte efeito suspensivo, sustando-se os efeitos da falência, mantida a arrecadação, sem lacração do estabelecimento, possibilitando o prosseguimento da atividade empresarial, sob fiscalização estrita do síndico). **CERTIFICA MAIS** que em sessão realizada na data de 22.09.2009 nos autos da **Medida Cautelar nº 15.526/SP** perante o Superior Tribunal de Justiça, proferiu-se decisão deferindo liminar, suspendendo a decretação da falência da Securinvest Holdings S/A, pelo prazo de 15 dias. **CERTIFICA MAIS** que por r. despacho proferido em **25.11.2009 no incidente de nº 268** houve a **revogação** da extensão dos efeitos da falência em relação a Myriam Nívea de Andrade Ortolan e Maria Isabel Quintino Pestana. **CERTIFICA MAIS** que por r. despacho proferido em 27.05.2010 houve o **cancelamento** para todos os fins **do decreto de extensão da Quebra à empresa Industria e Comercio Rei Ltda**, CNPJ 14.188.007/0001-93. **CERTIFICA MAIS** que por r. despachos proferidos em 1º.01.2010 e 27.05.2010 **foi determinado o pagamento das restituições e o inicio dos pagamentos dos créditos trabalhistas até o limite de R$ 1.500,00** ressaltando-se que não se trata de adiantamento: créditos superiores deverão desistir expressamente – o próprio habilitante- renunciando ao excedente. **CERTIFICA MAIS** que nos autos dos **Embargos de Terceiro** nº 583.00.2008.207486-8 de Aline Lemos Correa de Oliveira Andrade houve a revogação da extensão da Falência em relação à embargante por r. sentença proferida em 25.08.2010. **CERTIFICA MAIS** que por r. despacho proferido em **28.10.2010 no incidente de nº 2250** houve a desconsideração da personalidade jurí-

34

188276



# PODER JUDICIÁRIO
### Tribunal de Justiça do Estado de São Paulo

dica das empresas **All Sugar International Inc, Real Sugar Corporation, Securinvest Holdings S.A, Agroindustrial Espírito Santo do Turvo Ltda, Kiaparack Participações e Serviços Ltda, Red Cloud Ltda. Blue Snow Holdings Inc., Vision Point Holding Inc., Glowing Star Holdings Inc., Turvo Participações S.A., Vultee Companhia Securitizadora de Créditos Financeiros, Securinvest Holdings S.A., MT & T Prestação de Serviços em Envasamento Ltda e Petroforte Brasileiro de Petróleo Ltda para atingir direta e pessoalmente a sra. Katia Rabello**, CPF 293.928.966-20 e sr. **Flavio Barbosa do Amaral Junior**, CPF 094.643.728-93. **CERTIFICA MAIS** que por r. despacho proferido e, **18.04.2011** houve a **nomeação da segunda síndica** na Falência de Petroforte Brasileiro Petróleo Ltda e/ou, **Dra. Vanuza Vidal Sampaio**, OAB/SP 226.385 A, com escritório na Av. Brigadeiro Faria Lima, 2.081, 1° andar, São Paulo-SP, CEP 01452-000, Tel (11) 4304-9809, sendo a área de sua atuação a de legalizar, obter posse e colocar em funcionamento os postos de combustíveis arrecadados e outros que haja notícia pertencerem aos falidos, as varias empresas de Distribuição e a Base de Combustíveis de São Carlos visando futura alienação bem como eventuais ações relativas ao trabalho por ela desenvolvido. **CERTIFICA MAIS** que o Egrégio Superior Tribunal de Justiça, no a V. Acórdão do Recurso Especial n° 1.125.767 – SP ( 2009/0093945-0) com trânsito em julgado de datado de 14.09.2011 deu-lhe provimento **determinando que se abra o prazo legal para apresentação de impugnação ao pedido de extensão da quebra** formulado pelo síndico **aos recorrentes Carlos Masetti Neto e Fernando Masetti.** **CERTIFICA MAIS** que em **20.10.2011 foi revogada a extensão da falência para as empresas Securinvest Holdings S.A, Agroindustrial Espírito Santo do Turvo Ltda, Kiaparack Participações e Serviços Ltda e Agrícola Rio Turvo Ltda** e para as pessoas de **Kátia Rabello e Flavio Barbosa do Amaral Junior**, sendo nomeado para Gestor da Usina o dr Alexandre Cury Guerrieri Rezende, OAB/SP 208.324. **CERTIFICA MAIS** que referente à decisão supra houve a interposição de Agravo de Instrumento n° **0277452-25.2011.8.26.0000** por parte do **síndico** da Massa Falida, **Agravo de Instrumento n° 0277458-32.2011.8.26.0000** pelo habilitante Ubirajara da Rocha Leite e Agravo de Instrumento n° 0283205-60.2011.8.26.000 pelo Ministério Público do Estado de São Paulo, sendo atribuído efeito suspensivo aos agravos sustando a eficácia da decisão datada de 20.10.2011 até nova determinação do E. Tribunal de Justiça do Estado de São Paulo, estando os autos em fase de arrecadação de bens e venda destes através de leilão judicial, **habilitando créditos e realizando pagamento dos credores trabalhistas até o limite de R$ 1.500,00, ressaltando-se que não se trata de adiantamento: créditos superiores deverão desistir expressamente do valor excedente . NADA MAIS**. O Referido é verdade e dou fé. São Paulo, aos onze dias do mês de maio do ano de dois mil e doze. Eu, _____ (Maria Luiza Bula Trevisani), escrevente técnico judiciário, digitei e providenciei a impressão.E, eu, _____ (Arlindo Cosmo Filho), Escrivão-Diretor, subscrevi.

**ISENTO**

35

# COURT SERVICE

18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

CASE NO. 01.074201-2/250

Heard

This matter concerns a claim seeking CIVIL LIABILITY AND THE DISREGARDING OF LEGAL PERSONALITY, along with an application for a freezing order submitted by the LIQUIDATED ESTATE OF PETROFORTE BRASILEIRO DE PETRÓLEO, and which cites the banker KATIA RABELLO and the lawyer FLÁVIO BARBOSA DO AMARAL JUNIOR. The Trustee [Illegible] a huge amount of documents.

These documents for the most part were obtained abroad by the Trustee who applied for a court order *in camera* from the Courts of those countries at hearings held *in camera*. This was all done with the authorisation of this Court and the Office of Counsel for the State consented to this step being taken, as appears in the secret action taken before this court.

An in-depth examination of the application and the documents has been made, and the conclusions are set out below.

Through this brief report, I DECIDE AS FOLLOWS

INITIAL DECLARATION

Even after 32  years of service to the Judiciary of Sao Paulo, this lowly judge is suddenly faced with a truly shocking situation [illegible]: the respondent relied upon LIES and FRAUDULENTLY AVOIDING the Honourable SUPERIOR COURT OF JUSTICE, as represented by the brilliant and esteemed JUSTICE NANCY ANDRIGHI, the greatest judge the JUDICIARY of this country can boast of; it disrespected the moral grandeur of Justice Andrighi, who granted the PETROFORTE GROUP an interlocutory order suspending the extension of the effects of the Winding up Order by way of an interim measure issued by that Honourable Court – as is evidenced by the documents attached to the application by the diligent Receiver, ALVES BRAGA.

UBI GENTIUM SUMUS ?, as Cicero would say.

The key issue relating to the interlocutory order granted by the aforementioned  esteemed Justice lay in unravelling the link which the shareholders in SECURINVEST had with the PETROFORTE ECONOMIC INTEREST GROUP. To put it another way, it is alleged that the Court acted erroneously because, allegedly, no one from SECURINVEST had any relationship with any company in the LIQUIDATED GROUP.

Thus, despite that initial astonishment, the documents attached, and obtained from abroad by the Trustee, demonstrate that the order of the brilliant JUSTICE NANCY ANDRIGHI, Interlocutory Order no. 1[?].526-SP, [which required SECURINVEST] to reveal

"exactly who the shareholders are, who the shareholders of the shareholder are, and so forth. This must be done in such a way that the corporate chain is unravelled and all individuals with a direct or indirect share in the company's capital are revealed."

was responded to by SECURINVEST [illegible] FALSEHOOD – because, according to the documents from the [illegible] country, COSTA RICA, the shareholders in SECURINVEST are ARNAGE HOLDINGS [illegible] in the Cayman Island - which has one shareholder, DESAROLLO DE PROYECTOS S.A., with only one shareholder, by the name of José Ignacio

## COURT SERVICE

18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

Jenkins Moreno – and BROOKLANDS HOLDINGS, also from the Cayman Islands – which has as its shareholder the individual Adriana Cordero Ehrenberg.

It should be noted that the very clear order of the esteemed Justice revealed that the information provided by SECURINVEST was to the effect that, from among their shareholders, whether individuals or companies, neither ARNAGE HOLDINGS, nor BROOKLANDS HOLDINGS had shareholdings in the RURAL GROUP or the PETROFORTE GROUP. This submission from SECURINVEST is printed in the chart at page 106 of these proceedings [illegible] the truth is found in the other chart on page 108, and therein lies the core falsehood used to deceive .

Despite the virulence of the expression TO DECEIVE THE HONOURABLE SUPERIOR COURT OF JUSTICE, that is exactly what happened because VERITAS EVIDENS NON PROBANDA.

Having access to the shareholder documents in these tax havens is indeed exceptional - and the Courts in those places only assented to this after an exhaustive study of the signs of fraud – exactly as was evidenced here. Thus the GRAND COURT OF THE CAYMAN ISLANDS lifted the veil which covered the FRAUD committed, after MR. JUSTICE COOKE, the esteemed local Justice, was convinced of the malicious conduct of SECURINVEST, according to the explanation given by the Trustee. All of this is backed up by a Judgment, thus demonstrating the legality of the measure obtained.

The attitude of SECURINVEST is incredible - a thousand times incredible. It is a product and demonstration of the prurient times in which we live that the Superior Court and the meticulous Judge Rapporteur could be FRAUDULENTLY DECEIVED. The rectitude and probity of the Reputable Order were defiled by the action of SECURINVEST which touches on LITIGATION IN BAD FAITH (LITIGANCIA DE MÁ-FÉ) – as defined by the Civil Procedure Code, which has a basis in the legal systems of COMMON LAW countries in the form of a FRIVOLOUS LITIGATOR. Over there the jurists are more rigorous when faced with the illegal manoeuvrings and delaying tactics of lawyers seeking to procrastinate by relying on erroneous premises. In that way SECURINVEST gambled its defence against an incontrovertible fact, distorting the documented truth after the Court Order was made by creating [illegible] SHAREHOLDER COMPOSITION  in order to make believe that there was no connection between the RURAL GROUP and the PETROFORTE GROUP, something which was manifestly unfounded, invented, and deceitful and which showed disrespect for the Courts and the esteemed Judge Rapporteur. SECURINVEST was oblivious of the fact that these claims did not – nor could they – produce any returns from lies. Take note that

"a litigator acting in bad faith is one who alleges a fact which he knows to unfounded because it stems from an act committed by him" (TJSP-RT) 590/119)

Even more incredible is the disrespect which SECURINVEST showed to the Courts when it fraudulently altered the shareholder composition of the companies located in the tax havens, because the documents which the Trustee obtained in Costa Rica, the Cayman Islands and the British Virgin Islands reveal without a shadow of doubt that the abovementioned shareholder composition was created after the date when the brilliant JUDGE RAPPORTEUR made the order requiring clarification as to

"who the shareholders are, who the shareholders of the shareholder are, and so forth."

This order is dated 22.09.2009.

In the CAYMAN ISLANDS the archives of the off-shore companies Arnage and Brooklands were opened by way of a  COURT ORDER

**COURT SERVICE**

18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

granted IN CAMERA (pages 131) and which were made with A POWER OF ARREST (pages 136) attached – and from the documents it has been verified that José Ignacio and Adriana – the shareholders of the shareholders – could not by a long way have held interests in the mighty SECURINVEST, and they are now just SECURINVEST's MEN OF STRAW (Adriana declared before a Notary that she had no contacts in Brazil, nor was she involved in securitisation operations; this declaration was made before a NOTARY PUBLIC in SAN JOSÉ DE COSTA RICA – see pages 176 *et seq.*), as both have very little capital.

KATIA RABELLO, in her letter at pages [illegible] specifically refers to these two people: Adriana Cordero Ehrenberg (Arnage) and José Ignacio Jenkins Moreno (Brooklands).

Thus it has been fully established that the ultimate beneficiary of SECURINVEST always was and continues to be KATIA RABELLO – and the tainted register was finalised after the Judge Rapporteur had made her order – because the following was established:

KATIA RABELLO – a person linked to the Banco Rural, daughter of the founder, successor in title and ex-President of the Rural Group, sent a letter to the former "Trust" company of Arnage and Brooklands requesting the transfer of the administration [of the companies] to the Equity Trust – and in this letter (see page 262) she is described as the ultimate beneficiary of these companies, or UBO. This is dated 09.11.2099.

But on 15.10.2009 SECURINVEST informed the honourable SUPERIOR COURT OF JUSTICE of the corporate chain – created after the decision of the JUDGE RAPPORTEUR, with a view to concealing SECURINVEST's ultimate beneficiary, that is, KATIA RABELLO.

To put it another way: at the time of this Court's decision making SECURINVEST liable for the debts of PETROFORTE in light of the clear connections which it has with the liquidated company, Katia was the SECURINVEST shareholder – and FLASE INFORMATION had been supplied to the SUPERIOR COURT OF JUSTICE, because as at 05.11.2009 an e-mail was sent (see page 155) stating that ARNAGE and BROOKLANDS had been incorporated in 2000 - it also stated that these companies form part of the structure set up in order to enable Banco Rural to show a better financial balance – so SECURINVEST was set up in order "to clean up Banco Rural's balance" – see page 256.

The chronology is revised as follows:

1) 22 September 2009 – the order of the Judge Rapporteur

2) 15 October/5 November 2009 –application by Securinvest providing the corporate chain and the letter from Flávio Amaral (the latter at page ?98 of the court papers).

3) 09 November 2009 – Katia Rabello sent a letter to Arnage and to Brooklands (the SECURINVEST shareholders) requesting the transfer of the administration [of the company] to the Equity Trust  - in which she ADMITS that she is the ultimate beneficiary of those companies – see document at page 26?.

Finally the documents prove that only as of 04 December 2009 did the companies from Costa Rica [illegible] to be the shareholders in the two other companies referred to above – see page 164 *et seq.* – an intermediary [put in place] to hide the ultimate beneficiary. This clearly proves that the shareholder composition of SECURINVEST was created after the order

# COURT SERVICE

18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

of the honourable JUSTICE NANCY ANDRIGHI , and the Judgment lacked truth before the Superior Court. The DOCUMENTATION OBTAINED [ILLEGIBLE] TRUSTEE IS TRANSPARENT AND ABSOLUTELY LEGAL – as they were granted by the Court Service of the tax havens.

Similarly, it has fully established that SECURINVEST BELONGS TO THE RURAL GROUP – and proved [illegible] Katia Rabello and SECURINVEST, a disposal was made in the [illegible] Group and demonstrates how the capital of the liquidated company and Banco Rural are entangled together.

Similarly, it is not possible to say that the owners of SECURINVEST had no relationship with the liquidated company. The dismissal of the director in the Cayman Islands by Katia Rabello and his replacement by the Equity Trust [illegible] intention of misleading JUSTICE NANCY ANDRIGHI. This was untruthful, it created a new circumstance that would frustrate the true situation with regard to the control of SECURINVEST, and it was a manifestly malicious act.

Note should also be taken of the letter from FLÁVIO BARBOSSA AMARAL giving an account of the creation of Arnage and Brooklands so as to "enable Banco Rural to produce better financial statements" and to "clean up the balance".

It should be noted that the translated document at page 2? points out that SHE WAS A PERSON WHO WAS WELL POSITIONED WITHIN RURAL. It alludes to the "investigation" and the "court proceedings" relating to the "monthly allowances scandal". The signature of FLÁVIO B. AMARAL JUNIOR appears at page 261. In the letter from Katia Rabello to the company CBC there is an admission that she was the ultimate beneficiary of the shareholder structure in Arnage and Brooklands (page 370).

On top of this,  FLÁVIO AMARAL appears as the beneficiary or intermediary of OFF-SHORE companies that were shareholders in AGROINDUSTRIAL, COPASTER AND MAXICHAMA – see the document at page326 – all of which have been wound up, as well as the others revealed by the Trustee. The letter which created ALL SUGAR INTERNATIONAL, one of the shareholders in AGROINDUSTRIAL E.S. DO TURVO was signed by this person – appearing as B.O. "I MYSELF". FURTHERMORE, OTHER DOCUMENTS POINT OUT THAT HE WAS RESPONSIBLE FOR MEETING THE EXPENSES OF THE OFF-SHORE COMPANIES created in order to concoct the Petroforte Group. Page 3? contains a wide range of powers, including [powers] TO ACT AS ADMINSTRATOR OF THE ASSETS – and there was even the appropriate Power of Attorney – page 327.

And yet there is more! At page 197, it was established that the instruments amending the corporate structure of the shareholders [illegible] OFF-SHORE companies were executed after the Order of JUSTICE NANCY ANDRIGHI. ALL THIS IS CONSISTENT WITH HOAXES, FROM PAGE 190 ONWARDS.

The link between ALL SUGAR and AGROINDUSTRIAL is noted at page 338 – LOAN OF ONE MILLION SIX HUNDRED THOUSAND US DOLLARS dated 02.06.2010 – transactions which did not even come to the attention of these Winding up proceedings – and another loan , this time for two million dollars, evidenced at page 340. Both were taken out in the BRITISH VIRGIN ISLANDS, and nothing was known about them in the Winding up proceedings.

Flávio is linked to Vision Poir (page 350). HE ADMITTED at page 557 that he has been the BRAZILIAN LAWYER FOR THE RABELLO FAMILY AND THE BANCO RURAL since 1985.

Similarly, the documents reveal [illegible] that the deceased bankrupt ARI NATALINO was involved with KATIA RABELLO, with River South  as intermediary for him and SECURINVEST for her – which by the way was admitted by ARI when he was heard in court. Thus by linking the word of ARI to what  FLÁVIO AMARAL stated

## COURT SERVICE

18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

in the letter revealed above, [it can be seen] that Securinvest was created to obtain these loans.

FLÁVIO is still the owner of the companies Vision Point and Blowing (pages 750 and 760).

### CONCLUSION

There is no doubt that hundreds of documents have been omitted, relating to the promiscuity between the companies in the BANCO RURAL [GROUP] and the PETROFORTE GROUP – all in the [illegible] of decisions predating this Judgment and since confirmed by the Court of Justice of Sao Paulo. The true malicious litigation perpetrated, albeit unsuccessfully, by PETROFORTE was revealed, and note should be taken of the judgments of the honourable LABOUR COURT and the Report from the BANCO CENTRAL (CENTRAL BANK OF BRAZIL), all of which have been appended by the Trustee. For that reason, imposition of personal liability on the parties cited in this action must be rigorously enforced, in view of Art. 50 of the Civil Code.

### OPERATIVE PART

In light of the foregoing, I ALLOW IN FULL the application made by the Trustee. I order that the legal personality of all the companies identified on page 102 be disregarded due to the clearly established link with the PETROFORTE GROUP, despite the fact that it has been noted that a number of these organisations have already been included in the Winding up action. Their shareholders, directors, controllers and managers are declared to be liable for irregularities found. I impose a freezing order to be placed on the assets of KATIA RABELLO and of FLÁVIO BARBOSA DO AMARAL JUNIOR pursuant to Art. 40 Decree-Law no. 7.661/45, and an extension of the effects of the Winding up Proceedings to both so that their assets shall be liable to meet the debts of the Liquidated Estate, in light of their attitude to the matters under review. I therefore make the following orders:

1) I order that the bank accounts of both be blocked and seized ELECTRONCIALLY.

2) The application from these individuals for Dismissal be dismissed in order to implement this action.

3) Within five days, the documents referred to by the Trustee on page 103, items 2 and 3 shall be submitted, subject to the penalties imposed by Law.

4) The appropriate steps shall be taken as per items 5 and 6 on page 103.

5) The measure in item 7 "in fine" shall be decided following the submissions of Counsel for the State.

6) I order the sequestration of the shares, in accordance with page 104, item 9.

7) The BANCO CENTRAL shall be served with a copy of this decision, for the purposes set out in page 104.

8) A copy of this decision shall be sent by official letter to the Honourable JUSTICE NANCY ANDRIGHI, with a direction that the Trustee deliver the appropriate documents.

The Registry Office shall be notified that, due to the fact that the proceedings have been ordered to be heard IN CAMERA in the Cayman Islands, only interested parties shall have sight of and free access to the court papers, along with their legal representatives.

## COURT SERVICE
18TH CIVIL BENCH OF THE CENTRAL COURT OF THE CAPITAL OF THE STATE OF SAO PAULO

Take note that the Judgment complies strictly with the conditions set down by this Court Service with regard to the disclosure of the documents and the secrecy imposed.

TO BE SERVED

Sao Paulo, 28 October 2010.

[Signature]
LUIZ BEETHOVEN BIFFONI FERREIRA
Judge

*Superior Tribunal de Justiça*

**RECURSO ESPECIAL Nº 1.259.020 - SP (2010/0134557-7)**

| | |
|---|---|
| RECORRENTE | : SECURINVEST HOLDINGS S/A |
| ADVOGADOS | : SERGIO RONALDO SAHIONE FADEL E OUTRO(S) |
| | ANTÔNIO AUGUSTO GONÇALVES TAVARES E OUTRO(S) |
| | MARCELO FADEL E OUTRO(S) |
| RECORRIDO | : PETROFORTE BRASILEIRO DE PETRÓLEO LTDA - MASSA |
| | FALIDA |
| ADVOGADOS | : AFONSO HENRIQUE ALVES BRAGA - SÍNDICO |
| | ANTÔNIO RULLI NETO E OUTRO(S) |

## RELATÓRIO

**A EXMA. SRA. MINISTRA NANCY ANDRIGHI (Relator):**

Trata-se de recuro especial interposto por SECURINVEST HOLDINGS S/A, para impugnação de acórdão exarado pelo TJ/SP no julgamento de agravo de instrumento.

**Ação:** de falência da sociedade PETROFORTE BRASILEIRO DE PETRÓLEO LTDA.

Em 20 de julho de 2007, o síndico requereu a extensão dos efeitos da falência da sociedade PETROFORTE a uma série de empresas, discriminadas no requerimento apresentado (fls. 74 a 115, e-STJ), a saber: River South S.A., Vultee Companhia Securitizadora de Créditos Financeiros, Securinvest Holdings S.A., Turvo Participações S.A., Agroindustrial Espírito Santo do Turvo Ltda., Kiaparack Participações e Serviços Ltda., MT&T Prestação de Serviços em Envasamento Ltda., All Sugar International Inc (*off-shore*), Red Cloud Ltda. (*off-shore*), Blue Snow Holdings Inc (*off-shore*) e Real Sugar Corporation (off-shore), além de uma série de pessoas naturais, a saber: Carlos Masetti Junior, Carlos Masetti Neto, Ida Tufano, Francisco Bosque Neto, Watson Gonçalves, Fernando Masetti, Wellengton Carlos de Campos, Myriam Nívea de Andrade Ortolan e Maria Isabel Quintino Nicotero Pestana.

O motivo seria o de que todas elas teriam participado de diversas operações realizadas com o intuito de desviar bens da massa falida. Especificamente com relação à

*Superior Tribunal de Justiça*

recorrente SECURINVEST, o síndico argumenta que ela teria ativamente participado, juntamente com as sociedades Rural Leasing Arrendamento Mercantil e Sobar S/A Álcool e Derivados, de operações societárias destinadas a desviar entre outros bens, uma valiosa usina de açúcar e álcool, em 22 de agosto de 2000.

   **Decisão:** deferiu o pedido de extensão dos efeitos da quebra (fls. 116 a 117, e-STJ)

   **Acórdão:** negou provimento ao agravo de instrumento interposto pela SECURINVEST, nos termos da seguinte ementa (fls. 297 a 305, e-STJ) :

> FALÊNCIA – PETROFORTE- EXTENSÃO DOS EFEITOS DE SUA QUEBRA À AGRAVANTE NOS AUTOS DA FALÊNCIA – ADMISSIBILIDADE – POSSIBILIDADE DE DEFESA POR MEIO DE RECURSO – NULIDADE INEXISTENTE – RECURSO DESPROVIDO.
> FALÊNCIA – PETROFORTE – EXTENSÃO DOS EFEITOS DE SUA QUEBRA À AGRAVANTE – CABIMENTO – DESVIO DE FINALIDADE SOCIAL E ABUSO DE PERSONALIDADE JURÍDICA DA SOCIEDADE – TRANSFERÊNCIAS SUCESSIVAS DE BENS PARA MANTÊ-LOS FORA DO ALCANCE DA JUSTIÇA – RECURSO DESPROVIDO.

   **Embargos de declaração:** interpostos (fls. 307 a 316), foram rejeitados (fls. 318 a 320, e-STJ).

   **Recurso especial:** interposto com fundamento nas alíneas 'a' e 'c' do permissivo constitucional (fls. 357 a 426, e-STJ). Alega-se violação dos arts. 165, 213, 458 e 535 do CPC, além dos arts. 82 da Lei 11.101/2005, 6°, 11, 12, 52 e 53 do DL 7.661/45 e 50 do CC/02.

   **Recurso extraordinário:** interposto (fls. 322 a 342, e-STJ).

   **Admissibilidade:** o TJ/SP negou seguimento ao recurso especial, por decisão do i. Des. Presidente da Seção de Direito Privado, Luiz Antônio Rodrigues da Silva, motivando a interposição do Ag 1.335.918/SP, por mim convertido em recurso especial para imediato julgamento.

   **Medida cautelar:** ajuizada objetivando a concessão de efeito suspensivo ao recurso especial, distribuída à minha relatoria sob o número MC 15.526/SP. A medida




*Superior Tribunal de Justiça*

liminar foi inicialmente deferida, pelo colegiado, nos termos da seguinte ementa:

> Processo civil. Medida cautelar visando a obter antecipação de tutela em recurso especial ainda não sujeito a exame de admissibilidade. Direito civil e comercial. Extensão de falência a sociedade que supostamente integraria o grupo econômico da falida. Incerteza acerca da existência de liame societário entre a empresa falida, e a empresa a quem a falência se estendeu. Deferimento da liminar, 'ad cautelam', determinando-se o esclarecimento, pela requerente, de sua cadeia societária, com a reapreciação da matéria em 15 dias.
>
> - Ao permitir a extensão da falência mediante procedimento incidental, o STJ teve em mira as hipóteses em que há vínculo societário. Sem ele, não há como atingir, mediante a desconsideração, o patrimônio de terceiro alheio ao grupo econômico.
>
> - A dúvida quanto ao grupo econômico a que pertence a requerente recomenda que, inicialmente, o seu direito seja acautelado. Contudo, esta medida não pode se estender indefinidamente. A indefinição que paira, sobre o tema, deve ser esclarecida.
>
> - É necessário que a requerente não se limite a dizer quem não participa de seu capital social. Para eliminar os impasses quanto à questão, deve indicar quem dele efetivamente participa.
>
> Medida liminar deferida provisoriamente, concedendo-se a requerente o prazo de 15 dias para esclarecer a cadeia societária que integra, com o retorno dos autos à conclusão para ratificação ou revogação da liminar concedida.

Essa medida liminar, concedida em caráter temporário, foi posteriormente ratificada por mim nos autos da medida cautelar.

É o relatório.




*Superior Tribunal de Justiça*

**RECURSO ESPECIAL Nº 1.259.020 - SP (2010/0134557-7)**

| | | |
|---|---|---|
| **RELATORA** | : | **MINISTRA NANCY ANDRIGHI** |
| RECORRENTE | : | SECURINVEST HOLDINGS S/A |
| ADVOGADOS | : | SERGIO RONALDO SAHIONE FADEL E OUTRO(S) |
| | | ANTÔNIO AUGUSTO GONÇALVES TAVARES E OUTRO(S) |
| | | MARCELO FADEL E OUTRO(S) |
| RECORRIDO | : | PETROFORTE BRASILEIRO DE PETRÓLEO LTDA - MASSA |
| | | FALIDA |
| ADVOGADOS | : | AFONSO HENRIQUE ALVES BRAGA - SÍNDICO |
| | | ANTÔNIO RULLI NETO E OUTRO(S) |

## VOTO

**A EXMA. SRA. MINISTRA NANCY ANDRIGHI (Relator):**

Cinge-se a lide a estabelecer se é possível estender os efeitos da falência de uma empresa a outra, por decisão incidentalmente proferida, sem a oitiva da interessada, na hipótese em que não há vínculo societário direto entre as empresas, mas em que há suspeita de realização de operações societárias para desvio de patrimônio da falida nos anos anteriores à quebra, inclusive com a constituição de sociedades empresárias conjuntas para esse fim.

### I – Histórico da alegada fraude

Para compreensão da lide, é necessário descrever, antes de mais nada, no que consistem as fraudes que a massa falida alega terem sido cometidas, justificando a desconsideração da personalidade jurídica e extensão dos efeitos da falência a uma série de empresas e pessoas físicas.

Segundo afirma o síndico, uma série de operações societárias foi montada para desvio de bens da massa falida, notadamente os bens da sociedade SOBAR S/A – ÁLCOOL E DERIVADOS, do grupo Petroforte. A fraude consistiria na seguinte operação, utilizando-se as palavras do acórdão recorrido:

*Superior Tribunal de Justiça*

Os autos indicam que entre a *Rural Leasing* e a *Sobar* foi celebrado contrato de arrendamento mercantil, na modalidade 'lease back'. Para instrumentalização do negócio, a Sobar transmitiu à *Rural Leasing* a propriedade do imóvel (por escritura aparentemente não registrada no Registro de Imóveis competente) e dos equipamentos nele instalados. Alegadamente inadimplido o contrato, a arrendadora ajuizou ação de rescisão, obtendo posteriormente sua reintegração na posse dos bens arrendados.

Entrementes, a *Rural Leasing* cedeu seus direitos creditórios, oriundos do mesmo contrato de arrendamento mercantil, à ora agravante, 'Securinvest Companhia Securitizadora de Créditos Financeiros', que por seu turno integralizou, com os bens objeto do leasing (e não com os direitos creditórios de que era cessionária), ações destinadas ao aumento do capital social de 'Turvo Participações S.A.', que posteriormente os arrendou a 'Agroindustrial Espírito Santo do Turvo'.

Consta ainda a existência de um 'contrato particular de compra e venda de universalidade de bens' pelo qual a 'Turvo Participações S.A. alienou os mesmos bens a 'Kiaparack Participações e Serviços Ltda.', que por seu turno os teria arrendado (novamente...) a 'Agroindustrial Espírito Santo do Turvo'.

A mesma operação é descrita com mais detalhes pela recorrente, no agravo de instrumento que deu origem a este recurso especial (fls. 46 a 65). A descrição da recorrente, contudo, objetiva naturalmente fazer crer ao julgador que todo o processo foi revestido de legalidade:

Não é demais relembrar que em 22 de agosto de 2000, a sociedade Rural Leasing realizou com Sobar S.A. – Álcool e Derivados uma operação de crédito revestida de toda legalidade, no caso um *lease back*. Por força da referida operação, a Rural Leasing adquiriu da Sobar o terreno, as construções nele erguidas e todas as máquinas e equipamentos empregados na atividade industrial. Ato contínuo os arrendou através de contrato de arrendamento mercantil. Tudo dentro da mais rigorosa legalidade, repita-se. Comprove-se pelos documentos que estão nos autos que por força da operação a Rural leasing efetivamente entregou à vendedora a importância de R$ 16.000.000,00 (dezesseis milhões de reais), no caso o preço do negócio.

De seu lado, a arrendatária se obrigou a pagar à arrendante 42 (quarenta e duas) parcelas mensais, iguais e consecutivas, no valor de R$ 328.907,32, pelo arrendamento e R$ 187.320,79, pela antecipação do valor residual garantido. Em razão do inadimplemento parcial as partes celebraram instrumento de aditamento e re-ratificação do contrato de arrendamento mercantil ajustando que a dívida seria agora resgatada em 37 parcelas mensais e sucessivas de R$ 655.823,05, a partir de 22 de outubro de 2001. Diante do novo inadimplemento a Rural Leasing promoveu em face da Sobar a competente ação de rescisão contratual (2ª vara Cível da Comarca de Santa Cruz do Rio Pardo – doc.




*Superior Tribunal de Justiça*

Junto).

Uma vez cumprida a reintegração na posse dos bens objeto do arrendamento as partes em 7 de junho de 2002, celebraram novo acordo eis que não era interesse da rural Leasing ter a posse dos bens. Pelos termos do acordo, seriam pagos R$ 24.135.318,80 em 82 (oitenta e duas) parcelas mensais e consecutivas sendo a primeira em 25 de junho de 2002. Diante do reiterado descumprimento dos ajustes, a arrendante se reintegrou na posse do imóvel em 4 de abril de 2003, tudo conforme objeto do acordo. Foi quando a Agravante adquiriu os direitos junto à Rural Leasing que não tinha interesse ou em seu objeto a administração do acerca de bens.

Esse foi o procedimento mediante o qual a SECURINVEST adquiriu os bens pertencentes à SOBAR, do grupo PETROFORTE.

Para o síndico, a operação empreendida se enquadrava em um contexto rotineiro, escancarando um método seguidamente adotado pelo Grupo Petroforte e pelo Grupo Rural para fraudar credores das empresas em situação pré-falimentar. Com efeito, na petição que deu origem a todo este incidente, o síndico pondera que:

As operações são sempre as mesmas: as empresas e os sócios do Grupo Econômico da Petroforte contraem dívidas – geralmente com o Rural Leasing ou com o Banco Rural – como não são pagas, são movidas ações judiciais que nem sequer chegam à segunda instância. Daí se obtém uma sentença judicial, ora condenatória, ora homologatória de acordo entre as partes e, como consequência, os bens dados em garantia são transmitidos aos 'credores' – empresas do Grupo Rural. Ato contínuo, aparece a Securinvest que subroga-se na dívida e os bens são rapidamente repassados a terceiros ou outras empresas dos mesmos Grupos Econômicos.

Ainda segundo o síndico, no caso específico da SOBAR, para além da reintegração judicial dos bens controvertidos, a operação de desvio teria sido complementada da seguinte forma: os antigos proprietários da SOBAR constituíram uma sociedade chamada RIVER SOUTH S.A. Essa empresa associou-se à SECURINVEST para a constituição de uma terceira sociedade, chamada TURVO PARTICIPAÇÕES LTDA. A SECURINVEST teria utilizado o patrimônio que recebeu da SOBAR para integralizar suas quotas na TURVO PARTICIPAÇÕES, na qual detinha 51% do capital social. Os outros 49% seriam da RIVER SOUTH, integrante do Grupo Petroforte.




*Superior Tribunal de Justiça*

Posteriormente, a TURVO PARTICIPAÇÕES alienou os bens que lhe foram transferidos a uma outra sociedade, denominada KIAPARAK PARTICIPAÇÕES E SERVIÇOS LTDA., também supostamente do Grupo Rural e os bens teriam, então, sido arrendados a uma nova sociedade, AGROINDUSTRIAL ESPÍRITO SANTO DO TURVO LTDA., sociedade empresária cujos sócios são duas *off-shores* sediadas nas Ilhas Virgens Britânicas: All Sugar International e Real Sugar Corporation, ambas, segundo o Síndico, do Grupo Rural.

Ou seja: uma cadeia de operações societárias teria sido preparada, segundo o síndico, de modo a tentar criar uma veste de legalidade para a transferência dos bens. Durante a criação dessa cadeia, empresas do Grupo Rural teriam se associado com a Securinvest, criando, entre eles, significativo vínculo societário.

Além disso, haveria, sempre segundo o síndico, grande intercâmbio entre os grupos econômicos Rural e Petroforte. Afirma-se que "nos autos da ação falimentar da Petroforte existem diversos documentos que comprovam a interferência direta na administração das empresas relacionadas no parágrafo anterior [do grupo Petroforte por pessoas que são funcionários do Grupo Rural". Toda a operação teria sido escancarada em uma ação declaratória de nulidade de ato jurídico proposta pela RIVER SOUTH em face de VULTEE, SECURINVEST e CARLOS MASETTI, na qual farta documentação acerca de tudo teria sido juntada.

Também se afirma, por fim, que a própria SECURINVEST, cujos sócios são duas empresas sediadas em paraíso fiscal, seria, mediatamente, integrante do Grupo Rural.

É dentro desse panorama que o presente recurso deverá ser julgado.

**II – Negativa de prestação jurisdicional. Violação dos arts. 165, 458 e 535 do CPC.**

Os embargos de declaração constituem instrumento processual de emprego excepcional, visando ao aprimoramento dos julgados que encerrem obscuridade,



*Superior Tribunal de Justiça*

contradição ou omissão. O acórdão recorrido se manifestou sobre todos os pontos suscitados nas apelações, inclusive os vários temas enumerados nas razões recursais e reputados de omissos ou contraditórios, alcançando solução tida como a mais justa e apropriada para a hipótese vertente.

A prestação jurisdicional dada, portanto, corresponde àquela efetivamente objetivada pelas partes, sem omissão a ser sanada, tampouco contradição a ser aclarada. O Tribunal não está obrigado a julgar a questão posta a seu exame nos termos pleiteados pelas partes, mas sim com o seu livre convencimento, consoante dispõe o art. 131 do CPC, utilizando-se dos fatos, provas, jurisprudência, aspectos pertinentes ao tema e da legislação que entender aplicável ao caso.

Por outro lado, já é pacífico o entendimento no STJ, e também nos demais Tribunais Superiores, de que os embargos declaratórios, mesmo quando manejados com o propósito de prequestionamento, são inadmissíveis se a decisão embargada não ostentar qualquer dos vícios que autorizariam a sua interposição (AgRg no Ag 680.045/MG, 5ª Turma, Rel. Min. Félix Fischer, DJ de 03.10.2005; EDcl no AgRg no REsp 647.747/RS, 4ª Turma, Rel. Min. Aldir Passarinho Junior, DJ de 09.05.2005; EDcl no MS 11.038/DF, 1ª Seção, Rel. Min. João Otávio de Noronha, DJ de 12.02.2007).

Constata-se, em verdade, a irresignação da recorrente e a tentativa de emprestar aos embargos de declaração efeitos infringentes, o que não se mostra viável no contexto do art. 535 do CPC.

### III – Mérito do recurso.

### III.a) Art. 82 da Lei 11.101/2005. Inaplicabilidade.

Adentrando ao mérito da impugnação, é importante frisar, desde já, que a falência da PETROFORTE foi decretada quando vigente o DL 7.661/45, de modo que qualquer alegação de ofensa aos dispositivos da Lei 11.101/2005 não poderá ser conhecida nesta sede por força do disposto no art. 192 da referida Lei, salvo hipóteses

*Superior Tribunal de Justiça*

excepcionais, em que não há, na lei antiga, norma para uma situação concreta específica (REsp 1.172.387/RS, de minha relatoria, DJe 24/3/2011; AgRG no REsp nº 1.089.092/SP, Rel Min. Massami Uyeda, DJe de 29/4/2009, entre outros).

Na hipótese dos autos, o art. 82 da Lei 11.101/05 tem correspondência no art. 6º do DL. 7.661/45, de modo que sua violação não poderá ser apreciada nesta sede.

**II.b) A quebra sem prévia citação. Violação dos arts. 213 do CPC, 11 e 12 do DL 7.661/45.**

O tema de mérito deste recurso se resume à possibilidade de extensão da falência da PETROFORTE à SECURINVEST, sem sua prévia intimação ou oitiva desta empresa. Com efeito, no processo que originou este recurso o pedido do síndico de extensão da quebra foi autuado em expediente avulso e deferido, pelo juízo, em primeiro grau, sem a participação da recorrente, destinatária dos efeitos da decisão. O exercício do contraditório foi, com isso, diferido, possibilitando-se a defesa da recorrente apenas por meio de recurso.

A análise da regularidade desse procedimento não pode, naturalmente, desprender-se das peculiaridades da espécie. Com efeito, não é mais possível, no processo civil moderno, tomar a apreciação de uma causa baseando-se exclusivamente nas regras processuais sem se considerar, em cada hipótese, as suas especificidades e, muitas vezes, a evidência com que se descortina o direito material por detrás do processo. Hoje está muito claro, tanto na doutrina como na jurisprudência, que as regras processuais devem estar a serviço do direito material, nunca o contrário.

Na hipótese dos autos, de fato não há notícia de que o juízo de primeiro grau tenha promovido a citação ou a notificação da recorrente antes da decretação da extensão de sua quebra. Contudo, é fato também que os *efeitos dessa extensão não se produziram de imediato*, tampouco se verificaram antes que tivesse, a parte, oportunidade para se defender.

*Superior Tribunal de Justiça*

De fato, não obstante o pedido de efeito suspensivo formulado no agravo de instrumento que deu origem a este recurso tenha sido indeferido, tão logo julgado o mérito desse agravo a requerente propôs, perante o STJ, a MC 15.526/SP solicitando a suspensão dos efeitos da decisão. Seu pedido foi liminarmente deferido independentemente de interposição do recurso especial, por acórdão exarado por esta 3ª Turma.

Os efeitos de referido acórdão foram posteriormente estendidos por esta Relatora até o julgamento final do recurso especial, de modo que o exercício do direito de defesa da agravante foi possível sem qualquer prejuízo para suas atividades. A suspensão dos efeitos do acórdão, inclusive, gerou diversos transtornos e incidentes no curso deste processo, do que são exemplos um pedido de instauração de incidente sigiloso, formulado pelo síndico, para apuração, no exterior, sem o conhecimento da recorrente, da composição de sua cadeia societária; e a propositura de reclamação, pela recorrente, alegando desrespeito à decisão do STJ que suspendera a extensão dos efeitos da falência. Enfim, o que se pode notar, a partir da liminar deferida, foi o elevado grau de litigiosidade existente entre as partes, por um lado, e a ausência de resultado útil no que diz respeito à demonstração, pela recorrente, de que não colaborou ativamente para o desvio de patrimônio das empresas do grupo Petroforte.

A condução do processo, portanto, deu-se de modo a garantir o pleno exercício, pela recorrente, de seu direito de defesa, não havendo que se falar em violação dos arts. 213 do CPC e 11 e 12 do DL 7.661/45.

**III.c) A desconsideração de personalidade jurídica e suposta ausência de grupo econômico. Alegação de violação dos arts. 50 do CC/02 e 6º do DL 7.661/45;**

Para além da falta de prévia citação, ou da necessidade de formação de processo autônomo, a recorrente também impugna o acórdão recorrido sob o fundamento de que não estaria autorizada, na espécie, a extensão do decreto de falência porquanto: (i)



*Superior Tribunal de Justiça*

esse procedimento somente seria autorizado na hipótese em que estivesse caracterizada a existência de grupo econômico; (ii) a desconsideração da personalidade jurídica seria instituto inaplicável, porquanto, removido o suposto véu da sociedade PETROFORTE, não se descortinaria, por detrás dela, como sócios, as empresas do grupo SECURINVEST. A violação, aqui, estaria circunscrita à norma do art. 6º do DL 7.661/45

As duas alegações podem ser apreciadas em conjunto.

É importante frisar que a jurisprudência desta Corte tem se posicionado no sentido de dispensar a propositura de ação autônoma para que se defira a extensão dos efeitos da falência de uma sociedade a empresas coligadas, consoante se vê nos seguintes precedentes: REsp 1.034.536/MG, Rel. Min. Fernando Gonçalves, DJe de 16/2/2009; REsp 228.357/SP, Rel. Min. Castro Filho, DJ de 19/12/2003; entre outros. Assim, em princípio, caracterizada a coligação de empresas, a exigência de processo autônomo não se justificaria.

A caracterização de coligação de empresas, por sua vez, é, antes de mais nada, uma questão fática. Portanto, o que tiver decidido o Tribunal a esse respeito não pode ser revisto nesta sede por força do óbice da Súmula 7/STJ.

De todo modo, trata-se de um conceito societário. A coligação se caracteriza, essencialmente, na influência que uma sociedade pode ter nas decisões de políticas financeiras ou operacionais da outra, sem controlá-la. Antigamente, a Lei das S/A dispunha, em seu art. 243, §1º, acerca de um montante fixo para que fosse automaticamente caracterizada coligação entre empresas. Dizia que "são coligadas as sociedades quando um participa, com 10% (dez por cento) ou mais, do capital da outra, sem controlá-la". Esse percentual, contudo, era fixado para estabelecer, consoante a disposição contida no *caput* desse artigo, a *obrigatoriedade de menção dos investimentos nessa sociedade no relatório anual da administração*. Na prática, contudo, independentemente de um percentual fixo, o conceito de coligação está muito mais ligado a atitudes efetivas que caracterizem a influência de uma sociedade sobre a outra. Há coligação, por exemplo, sempre que se verifica o exercício de influência por força de uma relação contratual ou legal, e em muitas situações até mesmo o controle societário é



*Superior Tribunal de Justiça*

passível de ser exercitado sem que o controlador detenha a maioria do capital social. Basta pensar, nesse sentido, na hipótese de uma empresa com significativa emissão de ações preferenciais sem direito a voto.

De todo modo, hoje a Lei das S/A modificou o critério anterior, justamente adaptando-se ao que, na realidade, já era perfeitamente passível de ocorrer. Com a modificação empreendida pela Lei 11.941/2009, o art. 243, §1º, da Lei das S/A passou a simplesmente prever que *"são coligadas as sociedades nas quais a investidora tenha influência significativa"*. Essa influência, segundo o §5º desse artigo, incluído pela mesma Lei 11.941/2009 em consonância com a redação anteriormente dada pela MP 449/2008, é **presumida** "quando a investidora for titular de 20% (vinte por cento) ou mais do capital votante da investida, sem controlá-la".

Referidas disposições legais sequer foram cogitadas no recurso especial, deixando ao ar as alegações da recorrente de violação de seu direito. De todo modo, a cadeia societária descrita neste processo, não só em relação ao complexo agroindustrial SOBAR, mas em relação a diversos outros bens, demonstra a existência de um *modus operandi* que evidencia a influência de um grupo de sociedades (GRUPO SECURINVEST, seja ele ou não integrante do mais amplo GRUPO RURAL), sobre o outro (PETROFORTE).

Isso é especialmente significativo quando nos debruçamos sobre a operação societária aqui descrita, consistente em arrendamento de bens, posterior inadimplemento da arrendante, retomada judicial da garantia, constituição de empresas para a administração desses bens e seu posterior redirecionamento a sucessivas sociedades que, na forma, são aparentemente independentes, mas cujo capital social é, na maioria das vezes, detido por sociedades *off shore* cuja efetiva propriedade não é dado aos credores da massa falida conhecer. É significativo notar inclusive que a influência de um grupo sobre outro se manifesta até mesmo na constituição de uma sociedade (TURVO PARTICIPAÇÕES LTDA.) cujo capital era dividido entre o GRUPO SECURINVEST e o GRUPO PETROFORTE, para quem os bens aqui discutidos foram inicialmente transferidos antes de serem repassados a terceiros supostamente independentes.

*Superior Tribunal de Justiça*

É possível coibir esse modo de atuação mediante o emprego da técnica da desconsideração da personalidade jurídica, ainda que, para isso, seja necessário dar-lhe nova roupagem. Para as modernas lesões, promovidas com base em novos instrumentos societários, são necessárias soluções também modernas e inovadoras. A desconsideração da personalidade jurídica é técnica desenvolvida pela doutrina diante de uma demanda social, nascida da *praxis*, e justamente com base nisso foi acolhida pela jurisprudência e pela legislação nacional. Como sói ocorrer nas situações em que a jurisprudência vem dar resposta a um anseio social, encontrando novos mecanismos para a atuação do direito, referida técnica tem de se encontrar em constante evolução para acompanhar todas as mutações do tecido social e coibir, de maneira eficaz, todas as novas formas de fraude mediante abuso da personalidade jurídica.

Inexiste, portanto, violação, nem do art. 50 do CC/02, nem do art. 6º do DL 7.661/45.

**III.d) A motivação do decreto de extensão da quebra e a ação revocatória. Violação dos arts. 52 e 53 do DL 7.661/45.**

Por fim, a recorrente alega que foram violados os arts. 52 e 53 do DL 7.661/45, porquanto o TJ/SP, ao corroborar a decisão que lhe estendeu a quebra da PETROFORTE, teria se valido de motivos que somente autorizariam a propositura de ação revocatória. Para ela, em primeiro lugar, "a recorrente não poderia ter-se beneficiado de qualquer bem ou direito envolvido no processo de falência da Petroforte", porque "jamais celebrou negócio jurídico com qualquer pessoa envolvida no processo falencial". Além disso, "ainda que tivesse havido essa transferência pretensamente fraudulenta, o fato não ensejaria a extensão da falência, mas sim a ação revocatória conforme prescrição dos artigos 52 ou 53 da Lei de Quebras".

Há, aqui, duas questões independentes. A primeira delas, consubstanciada na suposta inexistência de negócios jurídicos com a falida, não pode naturalmente ser revista nesta sede por força do óbice dos Enunciados 5 e 7 da Súmula de Jurisprudência

k04

 

*Superior Tribunal de Justiça*

do STJ. A segunda, consubstanciada na suposta necessidade de discussão da matéria via ação revocatória, converge para o que já foi ponderado acima: a jurisprudência do STJ tem considerado possível, sem ação autônoma, estender os efeitos do decreto de falências a sociedades coligadas ao falido.

Não há, portanto, sob qualquer uma das óticas apontadas, violação a ser corrigida nesta sede.

### IV – Divergência jurisprudencial

O recurso, por fim, quanto à divergência, pauta-se pela alegada necessidade de processo autônomo para implementar a extensão dos efeitos da falência, como único instrumento passível de garantir o pleno exercício, pela recorrente, de seu direito de defesa. Essa questão já foi apreciada acima, quando da análise do recurso pela alínea "a" do permissivo constitucional. Assim, torna-se desnecessário tecer maiores considerações sobre a matéria porquanto, ainda que conhecido o recurso quanto à divergência, o seu resultado naturalmente convergirá para o que já se decidiu quando da análise da violação a dispositivos de lei federal.

Forte nessas razões, conheço do recurso especial, mas lhe nego provimento.



2510
A

# PODER JUDICIÁRIO
## SÃO PAULO

18ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

PROCESSO Nº 01.074201-2/250.

Vistos.

Trata-se de pedido de RESPONSABILIZA:
CIVIL E DESCONSIDERAÇÃO DA PERSONALIDADE JURIDICA, com pleito
liminar de indisponibilidade de bens, formulado pela MASSA FALIDA
PETROFORTE BRASILEIRA DE PETROLEO e implicando a pessoa dA banquei
**KATIA RABELLO** e do advogado **FLÁVIO BARBOSA DO AMARAL JÚNIOR**. Trou
a Sindicatura enorme gama de documentos.

Esses documentos, na sua mór parte, for
obtidos no Exterior, pela Sindicatura, que ajuizou Medida Judic
perante o Poder Judiciário daqueles Países, coberta esta pe
segredo de justiça, tudo com autorização deste Juízo e concorde
Ministério Público com tal iniciativa - e conforme consta
procedimento sigiloso fluente neste Juízo.

Feito exame aprofundado do pedido e d
documentos, a seguir vieram os autos conclusos.

Com este breve relato, p a s s o

## A MANIFESTAÇÃO INICIAL

Com efeito, mesmo depois de 32 anos
dedicação ao Poder Judiciário de S.Paulo, este insignifi
magistrado se depara com situação deveras surpreendente
esclarecedora: teve coragem a parte requerida em **FALTAR COM**
**VERDADE** e **ILUDIR DOLOSAMENTE** o Magnifico SUPERIOR TRIBUNAL
JUSTIÇA, na pessoa da brilhante e honrada **MINISTRA NANCY ANDRIGHI**
a maior Juíza de que se orgulha a Magistratura do Pai
desrespeitando a grandeza moral daquela que deferiu ao SR.
PETROFORTE a liminar de suspensão da extensão dos efeitos
Falência, na Cautelar fluente por aquela Mirifica Corte - asserti
essas provadas pelos documentos trazidos ao pedido, pelo diligen
Síndico ALVES BRAGA.

UBI GENTIUM SUMUS ?, diria Cícero.

A questão central da Liminar deferida pe
honrada Ministra suso revelada residiria na desvinculação dos efei
da SECURINVEST com o GRUPO ECONÔMICO DA PETROFORTE - ou seja, aqu
Juízo teria obrado equivocadamente, pois que ninguém da SECURINVES
teria relação com alguma empresa do GRUPO FALIDO.

Assim, pesar daquela estupefação inicial
os documentos juntados e obtidos no Exterior pela Sindicatu
apontam que o despacho da brilhante MINISTRA NANCY ANDRIGHI
Medida Cautelar nº 11.526-SP no sentido de revelar quem são

> "precisamente os sócios, os sócios
> sócios e assim sucessivamente, de modo que no
> destrinchada a cadeia societária até a indicação de tod
> as pessoas físicas que tem participação, direta
> indireta, no capital da sociedade"

foi respondido pela SECURINVEST tisnado
**FALSIDADE** - pois que conforme documentos oriundos do País carilhen
COSTA RICA seriam sócios da citada SECURINVEST a ARNAGE HOLDIN
(radicada nas Ilhas Cayman) - detendo esta uma acionista DESARROLL
DE PROYECTOS S.A. com apenas um sócio, por nome **José Ignac**

2511.
M

# PODER JUDICIÁRIO
## SÃO PAULO

18ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

Jenkins Moreno — e a BROOKLANDS HOLDINGS também das Ilhas Cayman — esta teria como sócia a pessoa natural Adriana Cordero Ehrenberg.

Notar que o lúcido despacho da honrada Ministra revelou que a informação prestada pela SECURINVEST era no sentido de que nem a ARNAGE HOLDINGS e tampouco a BROOKLAND HOLDINGS teria, dentre seus sócios, pessoas físicas ou empresas participes do GRUPO RURAL ou do GRUPO PETROFORTE — e o que alegou SECURINVEST está estampado no gráfico de fls. 105 destes autos — m. a verdade se encontra no outro, a fls. 108 — e aí reside o núcleo falsidade utilizada para enganar o V. SUPERIOR TRIBUNAL DE JUSTIÇA.

Pesar da virulência da expressão — ENGANA O V. TRIBUNAL — foi exatamente isso que aconteceu — já que VERBA EVIDENS NON PROBANDA.

O acesso aos documentos societários nos paraísos fiscais é deveras uma Exceção — e o Judiciário dos locais abrem propicia deferimento após exaustivo estudo de indício de fraude — exatamente como aqui ficou evidenciado, havendo o COURT DAS ILHAS CAYMAN alavancado o véu que encobria a fraude empostada, após o MR. JUSTICE COOKE — honrado Magistrado local ficar convencido de conduta maliciosa da SECURINVEST, concedo explanação da Sindicatura; tudo foi acompanhado pelo Juízo, e a manifesta legalidade a providência obtida.

Incrível; mil vezes incrível a atitude da SECURINVEST, fruto e reação dos tempos lúbricos que vivemos, no sentido de ILUDIR DOLOSAMENTE a A. Tribunal e a diligente Ministra Relatora; a retidão e a honorabilidade do Respeitável Despacho foram conspurcadas pelo gesto da SECURINVEST, que tangencia LITIGÂNCIA DE Má-Fé — já que previsto o instituto no Código de Processo Civil, encontra supedâneo no próprio Direito dos países da COMMON LAW, na forma do FRIVOUSLY LITIGATOR, LA, bem mais rigorosos os jurista com manobras ilegais e protelatórias de advogados, que visam procrastinação com amparo em posições errôneas. Assim que SECURINVEST se aportou em defesa contra fato incontroverso alterando a verdade documental empós do R. Despacho, criando NOVA COMPOSIÇÃO SOCIETÁRIA para fazer crer que não havia vinculação do GRUPO RURAL com o GRUPO PETROFORTE — incidente manifestamente infundado, fomentada a chicana e propiciando desprestígio para o Judiciário e para a honrada Ministra Relatora — esquecida a SECURINVEST de que as pretensões se não pagam — e nem se podem pagar — de palavras mentidas. Notar que

> "é litigante de má-fé aquele que alega fato de cuja falta de fundamento tem conhecimento por decorrer de ato praticado por ele próprio" (TJSP-RT 590/119)

Ainda incrível o desprestígio para a Justiça propiciado pela SECURINVEST, com a modificação dolosa composição acionária das empresas situadas nos paraísos fiscais, os documentos obtidos pela Sindicatura na Costa Rica, Ilhas Cayman Ilhas Virgens Britânicas revelam, sem sombra de dúvidas, que composição acionária essa revelada foi constituída após a data que a brilhante MINISTRA RELATORA proferira a decisão, que mantém esclarecimento de quem seriam

> "os sócios, os sócios dos sócios e assim sucessivamente".

Esta decisão é datada de 22.09.2009.

Nas ILHAS CAYMAN houve abertura de arquivos das Off-shores Arnage e Brooklands por MEDIDA JUDICIAL

2514

# PODER JUDICIÁRIO
### SÃO PAULO

18ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

com **SEGREDO DE JUSTIÇA** (fls.131) e determinada SOB PENA DE PRISÃO (fls.136) atendimento – e pelos documentos fica: apurado que José Ignacio e Adriana – os sócios dos sócios – nem ao de longe deti capacidade financeira para figurar como integrantes da poderia SECURINVEST – tratando-se agora de **HOMENS DE PALHA** desta; Adriana declarou perante Notário que nem detêm contatos no Brasil, nem envolveram com operações de securitização – declaração essa perante NOTÁRIO PÚBLICO em SAN JOSé DE COSTA RICA – ver fls. 176 e segs. detendo ambos pequeno patrimônio.

E KATIA RABELLO na missiva de fls. refere especialmente sobre essas duas pessoas; Adriana Cu Ehrenberg (Arnage) e José Ignacio Jenkis Moreno (Brooklands).

Assim, plenamente comprovado que beneficiária final da SECURINVEST sempre foi e continua sendo KATI RABELLO – e o registro inquinado foi ultimado sapós da determina d. h. Ministra Relatora – mesmo porque isso fica provado:

**KATIA RABELLO** – pessoa ligada ao Ba Rural, filha do fundador, herdeira e ex-Presidente do Grupo Rura enderecou carta à antiga empresa de "Trust" da Arnage e Brooklands solicitando a transferência da administração par Equity Trust – e nessa carta (ver fls.262) se qualifica no beneficiária final das referidas empresas, ou seja, URD – nessa data de **09.11.2009.**

Mas aos **15.10.2009** já informara SECURINVEST, ao magnífico SUPERIOR TRIBUNAL DE JUSTIÇA, a tal cade societária da empresa – engendrada após a respeitável decisão MINISTRA RELATORA, tendo por finalidade esconder a beneficiár final da SECURINVEST, que é Kátia Rabello.

Ou seja: quando da decisão deste Jui responsabilizando a SECURINVEST pelas dívidas da PETROFORTE, ante ilícitas ligações desta com a falida, Kátia era a sócia Securinvest – e foram fornecidas **INFORMAÇÕES FALSAS** ao E. SUPERIO TRIBUNAL DE JUSTIÇA, pois que aos 05.11.2009 encaminhou mensag eletrônica (ver fls.155) esclarecendo que a ARNAGE e a BROOKLANT foram incorporadas NO ANO 2.000 – esclarecendo também que as mesm fazem parte de estrutura montada para permitir que o Banco Rur apresentara melhor balanço financeiro – constituída a SECURINVE para **"limpar o balanço do Banco Rural"** – ver fls. 256.

Refazendo a cronologia:

1) **22 de setembro de 2009** – a R. de da Ministra.

2) **15 de outubro/5 de novembro de 2009** petição da Securinvest informando a suposta cadeia societária, e a arta de Flávio Amaral (osh fl.209 destes autos).

3) **09 de novembro de 2009** – Kátia Rabell enviou missiva para o Det que é par Brooklend (as acionistas da SECURINVEST) solicitando a transferên da administração para a Equity Trust – onde CONFESSA que ben beneficiária final das citadas empresas – ver documento de fls. 26

Finalmente, os documentos comprovam apenas a partir de **04 de dezembro de 2009** as empresas da Costa R passaram a ser as portadoras das ações das duas outras em envolvidas – ver fls. 164 e seguintes – interposta pessoa par ocultar o beneficiário final – plenamente comprovado que composição **societária da SECURINVEST foi engendrada após da decis**

2513,
M

# PODER JUDICIÁRIO
### SÃO PAULO

18ª VARA CÍVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

da cultíssima MINISTRA NANCY ANDRIGHI e faltando com a verdade
Juízo, perante o Tribunal Superior. A DOCUMENTAÇÃO OBTIDA PE
FUDANTE SINDICATURA é CRISTALINA, E ABSOLUTAMENTE LEGAL — defer
pelo Poder Judiciário dos chamados paraísos fiscais.

Assim, ficou plenamente comprovado que
SECURINVEST PERTENCE AO GRUPO RURAL — e comprovado o liame uni
Kátia Rabello e a SECURINVEST, foi realizada alienação no âmago
Grupo e manifesta a confusão patrimonial ente a Falida e o Ban
Sur.

Assim, nem há como dizer que
proprietários da SECURINVEST nenhuma relação haviam com a Falida
destituição do administrador nas Ilhas Cayman pela pessoa de Ká
Rabello e sua substituição pela Equity Trust tiveram a úli
intenção de induzir em erro a MINISTRA NANCY ANDRIGHI — faltando
verdade, criando nova situação para frustrar a verdadeira poss
do controle da SECURINVEST, agindo com manifesta malícia.

Notar a missiva de FLAVIO BARBOSA AMAR
donde conta da criação da Arnage e da Brooklands para "permitir
Banco Rural apresentar melhores demonstrações financeiras"
"limpando o balanço".

Notar que o documento traduzido a fls. "
aponta que ELA ERA UMA PESSOA BEM POSICIONADA NO RURAL — aludir
ainda a "investigação" e "processo judicial" relativo ao "c
mensalão" — constato a fls. 261 a assinatura de FLAVIO B. AMAR
JUNIOR. A missiva de Kátia Rabello dirigida a empresa CBC existe
CONFESSÃO de que ela era a beneficiária final da estrut
societária da Arnage e da Brooklands (fls. 370).

Demais disso, FLAVIO AMARAL aparece ou
beneficiário ou intermediário de empresas OFF-SHORE que são ed
de AGROINDUSTRIAL, COPASTER E MAXICHAMA — ver o documento de fl
— todas elas falidas, e mais as outras reveladas pu
assinatura; e a missiva que constituiu a ALL SUGAR INTERNATIONA
nos dos sócios da AGROINDUSTRIAL E.S. DO TURVO, foi assinada p
essa pessoa — figurando como B.O. "EU MESMO" — MAS OS DOCUMENT
APONTAM QUE ERA ELE O RESPONSÁVEL PELO PAGAMENTO DAS DESPESAS D
OFF-SHORES criadas para compor o Grupo Petroforte, e a fl.
consta enorme gama de poderes e também PARA AGIR NA QUALIDADE
ADMINISTRADOR DOS ATIVOS — havendo ainda a Procuração bastant
fl. 322.

Mas ainda há mais. A fls. 197 +
comprovado que as Atas da alteração societária dos sócios
empresas OFF-SHORE foram realizadas empós da R. Decisão da MINISTI
NANCY ANDRIGHI — TUDO CONFORME PEÇAS DE FLS. 190 E SEGUINTES.

O liame entre a ALL SUGAR e
AGROINDUSTRIAL está adotado a fls. 338 — EMPRÉSTIMO DE UM MILHÃO
SEISCENTOS MIL DÓLARES AMERICANOS datado de 02.06.2010 — negociaç
de que nem se tem notícia nesta Falência — e outro empréstimo, aq
de dois milhões de dólares, comprovado a fls. 340 — tudo reali
NAS ILHAS VIRGENS BRITÂNICAS — e de que nada se sabe na Falênci.

Flávio está ligado à Vision Poir
(fls. 350). CONFESSOU a fls. 557 que desde 1985 é ADVOGADO
BRASILEIRO DA FAMÍLIA RABELLO E DO BANDO RURAL.

Assim, os documentos revelam à socied
que o falido finado ARI NATALINO envolveu-se com KÁTIA RABELLO p
intermédio da River South por aquele, e esta pela SECURINVEST— cr
que por sinal foi CONFESSADA por ARI quando ouvido em Juízo
atendo-se à palavra de ARI com o que declarou FLAVIO AMARAL

25/1/
M

# PODER  JUDICIÁRIO
### SÃO PAULO
1ªª VARA CIVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

omissiva suso revelada: a Securinvest foi constituída para  adquirir
esses créditos.

FLAVIO  é  ainda proprietário das empresas
Vision Point e Glowing (fls. fls.750 e 760.

### DA CONCLUSÃO

Nenhuma  dúvida, pois,  remanesce,  d.
centenas  de documentos, no sentido da promiscuidade existente ent...
as empresas do BANCO RURAL e do GRUPO PETROFORTE - tudo  na  este...
de  decisões  anteriores  deste  Juízo,  e  já  confirmadas  pelo (
Tribunal de  Justiça  de  S.Paulo; ficou  patenteada  a  verdadeir...
litigância  maliciosa  perpetrada  pela  SECURINVEST,  para esfor...
desse liame com  a  PETROFORTE,  mas  sem  sucesso,  notgando-se  ...
julgados da altiva JUSTIÇA DO TRABALHO  e  o Relatório do BANCO
CENTRAL,  tudo conforme  aposto  pela  Sindicatura.  Daí  que
responsabilização pessoal dos citados neste procedimento é medida ...
rigor - A luz do Art.50 do Código Civil.

### DISPOSITIVO

Pelo exposto, **ACOLHO  NA  INTEGRALIDADE** o
pleito  da  Sindicatura.  Decreto a desconsideração da personalida...
jurídica de todas as empresas apontadas a fls. 102, por seu eviden...
comprovado liame com o GRUPO PETROFORTE - malgrado notando-se q...
várias desses organizações já  foram  anteriormente  incorporadas ...
Falência. Seus sócios e administradores e controladores e dirigent...
serão responsabilizados pelas irregularidades constatadas.  Decret...
a indisponibilidade e bloqueio dos bens de KATIA RABELLO e de FLAVI...
BARBOSA DO AMARAL JUNIOR com base no Art.40 do D.L.  nº  7.661/45 ...
estendidos para ambos os efeitos da Falência e devendo responder c...
seus bens  pelas  obrigações  da  Massa,  ante  suas  atitudes  aq...
estudadas. Para tal, defiro as seguintes providências:

1) Defiro bloqueio e  apenhamento  ON-LIN...
das contas bancárias de ambos.

2) Deprecar  a intimação desses senhore...
por Deprecata, para, querendo, se manifestar neste feito.

3) Apresentarão  em  cinco  dias  o...
documentos apontados pelo Síndico a fls.  103, itens 2 e 3,  sob  ...
penas da Lei.

4) Oficiar  conforme  item  5 e 6 de fl...
103.

5) A medida  do  item  7  "in  fine"  se...
decidida após fala d Dr.  Promotor.

6) Defiro  o seauetro das ações, conforme
fls. 104 item 9.

7) Oficiar  ao  BANCO  CENTRAL  com  cópi...
desta decisão, para o  fins de fls. 104

8) Cópia  desta decisão será remetid, p...
Ofício, à Eminentissi a MINISTRA NANCY ANDRIGHI,  providenciando ...
douta Sindicatura remessa dos documentos cabíveis.

Atente o Cartório para o fato de que, ant...
o SEGREDO DE JUSTIÇA decretado nas Ilhas Cayman,  apenasmente  o...
interessados  terão vista dos autos, com Procuração, e livre aces...

2515
M

# PODER  JUDICIÁRIO
### SÃO PAULO

19ª VARA CIVEL DO FORO CENTRAL DA CAPITAL DO ESTADO DE SÃO PAULO

Notar  que  este  Juízo  obedeceu  rigrrosamente  às  condiçõ
determinadas  por  aquele  Poder  Judicial, quanto à declaração d
documentos, e segredo instaurado.

INTIMAR.

S.Paulo, 28 de outubro de 2010.

LUIZ BEETHOVEN BIFFONI FERREIRA
Juiz de Direito

**EXHIBIT "E"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

PETROFORTE BRASILEIRO DE PETROLEO LTDA.    Chapter 15
    Case No. _____

    Debtor in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

THIS CAUSE came on for hearing on _____, 2014, upon the Verified

Petition For Recognition of Foreign Main Proceeding Pursuant To §1515 and §1517 (D.E. __)

(the "Chapter 15 Petition") seeking recognition and related relief pursuant to Chapter 15 of the

Bankruptcy Code, of a foreign proceeding ("Petroforte Proceeding"), pending in the 18th Civil

District Court of São Paulo, State of São Paulo, Brazil ("Brazilian Court"), filed by Dr. Afonso

Henrique Alves Braga of São Paulo, Brazil, as Trustee of Petroforte Brasileiro de Petroleo Ltda.

("Petroforte") within the meaning of 11 U.S.C. § 1502(6). The Court (a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was given by the Trustee and (b) has considered the Chapter 15 Petition, the Orders of the Brazilian Court dated October 20, 2003, and the Order authorizing the filing of this Chapter 15 proceeding by the Brazilian Court dated January 7, 2014 (the "Bankruptcy Orders") and related pleadings, the declarations on file, and the entire record in this matter. Accordingly, the Court makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24) and is the duly appointed foreign representative of Petroforte.

E.      The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

F.      The Trustee has met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The Petroforte Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets, is a foreign proceeding pursuant to 11 U.S.C. § 101(23) and 1502(4).[1]

---

[1] "Petroforte" as used herein also refers, where appropriate, to the entities to which the Brazilian Court handling the bankruptcy extended the effects of the bankruptcy, as referred to in the Petition as "Related Entities."

H.      The Petroforte Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The Petroforte Proceeding is pending in the country where the center of main interests of Petroforte is located, and accordingly the Petroforte Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.      The Trustee is further entitled to seek the relief set forth in 11 U.S.C. § 1521.

L.      The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to the applicable provisions of the Bankruptcy Code, and will not cause any hardship to the creditors of Petroforte or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1.      The Petroforte Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2.      The Petroforte Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3.      The Petroforte Proceeding, including but not limited to the Bankruptcy Order, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

4.      The Trustee is entrusted with the administration and realization of all or a part Petroforte's and the Related Parties' assets within the territorial jurisdiction of the United States.

5.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Petroforte or the Related Parties located in the United States.

6.      All person and entities are stayed from executing against the assets of Petroforte or the Related Assets located in the United States.

7.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Petroforte or the Related Parties located in the United States.

8.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of Petroforte or the Related Parties located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following address:

> Attention: Dr. Afonso Henrique Alves Braga
> c/o Henrique Forssell
> Krikor Kaysserlian & Advogados Associados.
> Av. Paulista 1499, cj 204, 2 andar,
> Bela Vista, Sao Paulo, SP,
> CEP 01311.928,
> Brasil
>
> with copy to:
>
> Attention: Gregory S. Grossman
> Astigarraga Davis Mullins & Grossman, P.A.
> 1001 Brickell Bay Drive
> 9th Floor
> Miami, FL 33131

which shall set forth:   (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

4

9.      The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Petroforte and the Related Parties without further order of this Court.

10.     The Trustee, if permitted by the Brazilian Court, is authorized to operate the business that is the subject of the Foreign Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

11.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

###

Submitted by:

Gregory Grossman, Esq.
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@astidavis.com

Gregory S. Grossman is directed to serve a copy of this Order on all parties entitled to service there from and to file a certificate of service immediately thereafter.

F:\WDOX\CLIENTS\10161\6001\00198213.DOC